## ERASTUS P. COE *v.* THOMAS HIGDON, ET AL.

1. A plaintiff in execution is not liable for a trespass or wrongful taking of goods, unless he ordered or directed the officer to levy on the particular goods, or participated directly in the taking other than by the mere suing out process.

2. The mere suing out an execution and receiving the proceeds of sale, even with a knowledge of an adversary claim in the property levied on, would not make the plaintiff in execution liable as a trespasser for the wrongful taking. He would only be responsible for the amount received by him from such sale.

SPECIAL TERM.—The petition states that on the 20th day of December, 1855, Thomas Higdon, a constable in Cincinnati township and one of the defendants, levied upon as the

property of one Russell Miller, one gray horse, on an execution issued by a justice of the peace in a case wherein the defendant, N. Longworth, was plaintiff, and said Miller defendant; that said Higdon sold said horse, and that said seizure, levy, and sale were made and done at the instigation and by command and direction of the defendant Longworth; that the said horse was not the property of Russell Miller, but was the property of the plaintiff, of which the defendants were informed and well knew at the time of said seizure, etc., and plaintiff claims damages in $150.

The defendant, N. Longworth, admits the levy, sale, etc., but denies that said horse was so levied upon and sold at his, Longworth's, instigation or by his command and direction; but on the contrary, was levied upon and sold by said constable in direct opposition to the commands of the defendant, and admits that he received $50 from proceeds of said sale.

*Bates & Scarborough*, for plaintiff.

*Worthington & Matthews*, for defendant Longworth.

GHOLSON, J. Where a sheriff or constable, under a process of execution against A., levies on the goods of B., the plaintiff in the execution is not liable for the trespass or wrongful taking of the goods, unless he ordered or directed the sheriff to levy on the particular goods, or participated directly and otherwise than by merely suing out the process. 4 Harrington, 287, *West* v. *Shockley;* 25 Maine, 137, *Lothrop* v. *Arnold.*

Where a trespass is committed on property, a person may become liable by ratifying an act done in his name or for his use, and the effect will be the same as if he had originally given the authority.

But there can be no ratification where the act is not done in the name or on behalf of the party who is claimed to have sued or done what would amount to a ratification.

There is some difficulty in applying these rules to the

case of a sheriff or constable, and the plaintiff in execution, levying on the property of a person not the defendant. This difficulty arises from the consideration that the sheriff or constable is not properly the agent of the plaintiff, though he may be said to be acting for his benefit. He does not, however, profess to act for the plaintiff, but under the authority of law, and in obedience to the process of the law.

A man may become liable for a trespass who counsels or advises the act to be done; in such case it is not necessary that the party actually committing the trespass should be the agent, or in part derive, or profess to derive, authority to do the act from the person so counseling or advising.

It is in this mode that a plaintiff in execution, who gives express directions to levy on property not liable to the process, becomes liable as a trespasser, and he can not properly be said to confer any authority on the officer who makes the levy. (This explains the distinction, and shows the propriety of the decision in 46 E. C. L. 236, *Wilson* v. *Tumman*, which was not followed in 11 Mass. 13.)

If no precedent directions, no counsel or advice be given by the plaintiff in execution; if he in no way directly participates in the trespass until the property had been sold and the process of execution returned by the officer, showing the money, or a part of it, made to answer the plaintiff's demand, the receipt of the money by the plaintiff, though with knowledge of a claim set up to the property, does not make him liable as a trespasser for the wrongful taking of the property. The extent to which the plaintiff can be held liable would be the amount of money by him received, with interest.

Judgment against defendant Longworth for $54.25, and against Higdon for $163.