Case No. 2,162.

BURKE v. The M. P. RICH.

[1 Cliff. 509.][1]

Circuit Court, D. Massachusetts. Oct. Term, 1860.

COSTS IN ADMIRALTY—INSURANCE EFFECTED BY MARSHAL.

1. Where a vessel, seized under a warrant form the district court, continued in the custody of the marshal until the case was disposed of in the circuit court, the marshal had no right to effect insurance on the vessel, while so remaining in his custody, at the expense of either party, without their consent.

2. Money paid by the marshal for such insurance cannot be allowed in the taxable costs.

[In admiralty. Libel by John Burke against the brig M. P. Rich (George H. Blanchard and others, claimants) to enforce a bottomry bond. There was a decree for claimants in the district court, and libellant appealed to the circuit court, which reversed the decree below, and rendered a decree in favor of libellant. See Case No. 2,161. Claimants objected to the taxation of certain items of costs, and the objections were sustained.]

This case came before the court a second time on an appeal from the clerk's taxation of costs. As it appeared from the record, the vessel was seized under a warrant from the district court, and remained in the marshal's custody until the cause was disposed of by a decree in this court. On the 13th of

[1] [Reported by William Henry Clifford, Esq., and here reprinted by permission.]

May, 1859, application was made to the district court for an order that the vessel might be sold, which was not granted. The costs were taxed after the decree in this court. Among the items of the costs were two for insurance on the brig, paid by the marshal while she was in his custody. Objection was made to these items, and the question was, whether they should be allowed as taxable costs. It was insisted by the libellant that, inasmuch as the delay in the suit was occasioned by the respondents insisting upon an unjust defence, the expense of insuring against the risk incident to the delay ought to be borne by them. To this reply was made that the process issued by the court authorized and made it the duty of the marshal to seize and keep the vessel, and that the law has provided the only compensation to which he is entitled for his services; that he had no power to insure the vessel at the expense of the respondents; and that the court is not authorized to allow the amount paid by him as taxable costs against the respondents.

H. A. Scudder, for libellant.
Charles T. Russell, for claimants.

CLIFFORD, Circuit Justice. It is obvious, from the statement already given, that the equities of the case are strongly with the libellant; but I am of the opinion, as matter of law, that the marshal had no authority to effect insurance on the vessel at the expense of either party without their consent. It is the duty of the marshal to execute throughout the district all lawful precepts directed to him and issued under the authority of the United States, and he has the same powers in executing such precepts as sheriffs or their deputies have in the performance of similar duties under the laws of the states. [Act Sept. 24, 1789] 1 Stat. 87. Whenever a seizure of property is made by him under a lawful precept, he is bound to use due and reasonable diligence to keep it in such safe and secure manner as to protect it from injury while in his custody, so that if it be condemned, or ordered to be restored to the owner, its value to the parties may not be impaired. Like the sheriff, he is only a bailee for a special purpose; and even if it be admitted that he may insure the property for his own protection, it is clear, I think, that the insurers would be liable only to the extent of his special interest, unless it appeared that in effecting the insurance he was acting under some authority from the owner. No case has been cited where it has been held that the sheriff is the agent of either party for the purpose of effecting insurance upon property attached and in his custody, and it is believed that no such case can be found. Want of authority is the foundation difficulty in the way of the libellant, and it is one which courts of justice cannot remove. Property seized under process from the admiralty is within the control of the court, and in general, where there is danger of irreparable loss during the pendency of the suit, it is ordered to be sold and the proceeds placed in the registry of the court. That power is liberally exercised by the court, so that in most cases where there is any real embarrassment, the marshal is relieved from extraordinary responsibility. Notwithstanding the seizure, the owner may insure if he sees fit, and, if he elects not to do so, the marshal is only responsible for such reasonable care and diligence as is imposed on him by law. He must perform his duty according to law, and is entitled to such compensation, and only such compensation, as the law prescribes and allows. [Act Feb. 26, 1853] 10 Stat. 164. Great abuse might result from the opposite rule; and in the absence of any decided case acknowledging the right claimed, and of any known practice of the courts sanctioning it, I am constrained to disallow the two items to which the objection applies.