F. P. BAKER, *et al.*, V. SPENCER P. WADE, *et al.*

PRINTER'S FEES, *When Sheriff not Liable for.* A sheriff is not primarily liable to the publisher of a newspaper for the printer's fees for notices of sales of lands made by him upon executions or orders of sale, simply because he officially hands such notices to the publisher and requests them to be printed.

*Error from Shawnee District Court.*

ACTION brought by *F. P. Baker* and three others, partners as "F. P. Baker & Sons," upon the official bond of *Spencer P. Wade*, late. sheriff of Shawnee county, to recover the amount of certain printer's fees. Judgment for the defendants, at the August Term, 1880, of the district court. The plaintiffs bring the case here. The opinion states the facts.

*Day & Troutman, W. C. Webb,* and *Leland J. Webb,* for plaintiffs in error.

*A. H. Case, W. P. Douthitt,* and *Vance & Crumrine,* for defendants in error.

The opinion of the court was delivered by

HORTON, C. J.: The question for our determination is, whether a sheriff is primarily liable to the publisher of a newspaper for notices of sales of lands made by him upon executions and orders of sales? Section 454 of the code makes it the duty of the sheriff to advertise and sell the real estate described in an order of sale, or levied upon under an execution, agreeably to the provisions of art. 20, ch. 80, Comp. Laws of 1879. Section 457 of the code provides:

"Lands and tenements taken on execution shall not be sold until the officer cause public notice of the time and place of sale to be given for at least thirty days before the day of sale by advertising in some newspaper printed in the county, or, in case no newspaper be printed in the county, in some newspaper in general circulation therein, and by putting up an advertisement upon the court-house door, and in five other public places in the county, two of which shall be in the

township where such lands and tenements lie.    All sales made without such advertisement shall be set aside, on motion, by the court to which the execution is returnable."

And §§ 460 and 461 read as follows:

"The officer who levies upon goods and chattels, or lands and tenements, or who is charged with the duty of selling the same by virtue of any writ of execution, may refuse to publish a notice of the sale thereof by advertisement in a newspaper, until the party for whose benefit such execution issued, his agent or attorney, shall advance to such officer so much money as will be sufficient to discharge the fees of the printer for publishing such notice.

"Before any officer shall be excused from giving the notification mentioned in the last section, he shall demand of the party for whose benefit the execution was issued, his agent or attorney, (provided either of them reside in the county,) the fees in said section specified."

Section 472 prescribes, among other matters, that if any sheriff shall refuse or neglect to execute any writ of execution to him directed, which has come to his hands, or shall neglect to return any writ of execution to the proper court on or before the return day thereof, such sheriff shall on motion be amerced in the amount of said debt, damages and costs, with ten per cent. thereon, to and for the use of the party in whose favor such writ was issued.

Under the provisions of these sections, counsel for plaintiffs contend that the sheriff, by giving notices of sales of lands to the publisher and requesting such notices to be printed in his newspaper, becomes personally liable for the legal fees.    We do not so understand the purport of the statute.    The sheriff acts in an official capacity and as an agent in these matters. The publisher accepts from him as agent the notices of sale, with the knowledge that they are to be published for the party for whose benefit the execution or order of sale is issued. It is true the sheriff may demand of the party for whose benefit the execution or order is issued, the fees for publishing a notice of sale, and may refuse to advertise unless the fees are advanced to him; but this is merely a provision of which he may or may not avail himself.    If a publisher refuses to pub-

lish the notices tendered until he is paid, the sheriff may demand the fees in advance, and if not paid, need not have the notice pubished. Unless, however, he makes himself personally liable by special contract, he is not liable to the publisher, under the statute, for the fees for such advertising, when such fees have not been advanced to him, simply because he officially hands the notice to the publisher and requests it to be printed for the time required by the statute.

Sec. 17, ch. 39, Laws of 1879, provides that the printers, *not the sheriff*, shall be entitled to receive as fees for publishing any legal notice, or any order, citation, summons, or any other proceeding or advertisement required by law to be published in any newspaper, certain specified rates for each square of two hundred and fifty ems for the first and each subsequent insertion. Generally, these fees are collected as costs from the proceeds of the sales of lands, or from the judgment debtor. But if not so collected, the party for whose benefit the advertisement is made, if he has not already advanced them, must pay them. The publisher, on receiving the notice of sale, may refuse to publish it until he is paid. But in the absence of a special contract, if he does publish, he cannot look to the sheriff as personally liable therefor.

The order and judgment of the district court in sustaining the demurrer to the first, second and third counts in the petition will be sustained.

All the Justices concurring.