No. 35,498

The Merchants Transfer & Storage Company, *Appellee*, v. The Landowners Company, *Appellant*, and Roy A. Boast, *Defendant*.

(125 P. 2d 360)

Opinion filed May 9, 1942.

*M. F. Cosgrove* argued the cause, and *Clayton E. Kline, Balfour S. Jeffrey, Robert E. Russell* and *Edward Stevens,* all of Topeka, were on the briefs for the appellant.

*Ralph W. Oman* argued the cause, and *Robert Stone, James A. McClure, Robert L. Webb* and *Beryl R. Johnson,* all of Topeka, were on the briefs for the appellee.

The opinion of the court was delivered by

Harvey, J.: This was an action upon a verified account for services alleged to have been performed under a contract between plaintiff and the sheriff acting as agent for appellant. The appeal is from an order overruling a demurrer to plaintiff's amended petition.

The Landowners Company, as landlord, in a forcible detainer action, obtained a final judgment against its tenants, Pendry and wife, for the possession of a store building. (*Landowners Company v. Pendry,* 151 Kan. 674, 100 P. 2d 632; 127 A. L. R. 890.) The judgment affirmed by this court contained the provision: "in the event defendants fail to give immediate possession, that a writ of possession be issued by the clerk of the district court, directed to the sheriff of Shawnee county, Kansas, commanding him to place the plaintiff in possession of said property." In conformity with that judgment a writ of possession was issued by the clerk of the court to the sheriff commanding him "to cause the said defendants to be forthwith re-

moved from said premises, and that without delay you restore to said plaintiff its full possession of said premises. And of this writ make legal service and due return." The sheriff's return on the writ reads:

"Received this writ the 23 day of June, 1939, by reading and delivered personally a true and certified copy of the same to H. E. Pendry and A. L. Pendry, also giving possession of said property to the Landowners Company, on this 14 day of Aug. 1939. Sheriff's fees: Service .50, mileage .20, total .70."

Plaintiff's suit is against Roy Boast, sheriff, and The Landowners Company and is predicated upon an itemized, verified account entitled, "Sheriff of Shawnee county, Roy Boast, to Merchants Transfer & Storage Co. . . . Moving Pendry H. E. Co. from 625 Jackson to 409 Kansas avenue." Plaintiff in its amended petition recites the history of that controversy and alleges that about July 6, 1939, the sheriff, "acting for and on behalf of . . . The Landowners Company, . . . contracted with the plaintiff, . . . for the removal of the personal property of the said Pendrys from the building at 625 Jackson street . . . to a store building located at 409 Kansas avenue in said city. Such contract was made with full knowledge of the defendant, The Landowners Company." That pursuant to the contract the plaintiff caused the property of the Pendrys to be removed from the building on Jackson street to. the one on Kansas avenue, the total charge for which work and labor amounted to $1,060.65, which sum, with interest, is now due plaintiff; that the plaintiff in the forcible detainer action received the full benefit of the work and labor of this plaintiff, and that the sheriff, "while acting in his official capacity in the execution of the writ of possession issued by the clerk of the district court acted not only in his official capacity but also acted in law as the agent of the judgment creditor, The Landowners Company." It was further alleged that "by reason of the facts herein stated and by operation of law, . . . The Landowners Company is legally obligated to pay the amounts due and owing to this plaintiff for its work and labor performed under and by virtue of plaintiff's contract of employment with Roy A. Boast as agent in law of The Landowners Company."

There is no allegation in the petition that The Landowners Company specifically authorized the sheriff to make the contract it is alleged he did make, or to make any contract with the plaintiff in this action. It is alleged the contract was made "with full knowledge of . . . The Landowners Company." But this alone is in-

sufficient as an allegation of liability of The Landowners Company. Many persons might have known such a contract had been made but not be bound by it. Insofar as it attempts to fix liability on The Landowners Company the gist of the petition is in the allegation that the sheriff "while acting in his official capacity in the execution of the writ of possession . . . acted not only in his official capacity but also acted in law as the agent of the judgment creditor, The Landowners Company." This is a statement of the pleader's view of the applicable rule of law as distinct from an allegation of fact. We do not agree with plaintiff that because the sheriff was acting in his official capacity he was, as a matter of law, acting as the agent of The Landowners Company.

We find no support for this doctrine in any general work on agency, and we are cited to only a few cases in which that question is specifically treated. In *Coe v. Higdon et al.*, 1 Disney (Ohio) 393 (1857), where the sheriff, under a process of execution against A levied on the goods of B, and the question of the liability of the sheriff and of the plaintiff in execution was before the court, the court held the plaintiff in execution was not liable in the absence of a showing that he had directed the sheriff to levy upon the specific goods. In the opinion, after stating rules regulating the liability for trespass, the court said:

"There is some difficulty in applying these rules to the case of a sheriff or constable, and the plaintiff in execution, levying on the property of a person not the defendant. This difficulty arises from the consideration that the sheriff or constable is not properly the agent of the plaintiff, though he may be said to be acting for his benefit. He does not, however, profess to act for the plaintiff, but under the authority of law, and in obedience to the process of the law." (p. 394.)

A similar question arose in *Burke v. The M. P. Rich*, 4 Fed. Cas. 745, where a marshal, under a writ of attachment, levied upon a vessel and later took out insurance upon it. In denying his authority to do so the court pointed out that marshals and sheriffs bear identical relations to their respective courts and said:

"No case has been cited where it has been held that the sheriff is the agent of either party . . . Great abuse might result from the opposite rule." (p. 746.)

Appellee cites and relies heavily on *Baker v. Wade*, 25 Kan. 531. There a sheriff levied an execution upon real property. The statute required that before he sold the property under execution he should

give notice of the sale by publication. The sheriff took the notice to the printer, who sued the sheriff for the printer's fee. It was held the sheriff was not personally liable. In the opinion the court cited the pertinent statute, from which it is clear that the plaintiff in execution knew that to execute the writ the publication notice would have to be made. The court in the opinion said: "The sheriff acts in an official capacity and as an agent in these matters;" that is, in taking the notice to the printer. The case is not in point. There the sheriff or the printer might have demanded the printing fee of plaintiff in execution before the publication was made. The plaintiff in execution was primarily liable for it. The sheriff was doing no more than the plaintiff knew he had to do. Here the writ of possession simply authorized the sheriff to remove defendant from the premises and to restore the plaintiff to possession thereof. The sheriff needed no moving vans or trucks for that purpose; neither did he need to box or crate the books for shipping by truck. In fact, the contract alleged to have been made by the sheriff and plaintiff is one not directed nor authorized by the writ of possession under which the sheriff acted. Sometimes it is stated curtly: "A sheriff cannot be wiser than his process." (*Holdredge v. McCombs,* 8 Kan. App. 663, 56 Pac. 536.)

Counsel properly agree that the duty of the sheriff in executing the writ is correctly set forth in 2 Anderson on Sheriffs, p. 622, where it is said:

"A sheriff or constable holding a writ of execution in an action of forcible detainer or unlawful detainer is authorized, and it is his duty, to remove from the premises the defendant in the writ of restitution, together with his property and belongings, and all persons holding by, through or under him. . . . A writ of restitution is not regarded as executed until the defendant and all of his belongings and effects are removed from the premises and every part and parcel thereof."

When a sheriff in executing a writ exceeds his authority as authorized by the writ the general rule is well established that the party who caused the writ to issue is not liable unless he himself specifically directed or assisted in the exercise of the excess power. See *Allen and Barton v. Corlew,* 10 Kan. 70; *Custer v. Royse,* 110 Kan. 397, 204 Pac. 995.

Counsel have cited us to no case clearly in point, and the case which our own research has disclosed most nearly in point, perhaps, is *American Wrecking Co. v. McManus,* 174 Wis. 300, 181 N. W.

235, 183 N. W. 250. There, as here, a landlord recovered a judgment for the possession of property from a tenant. A writ of restitution was issued and delivered to the sheriff commanding him to cause the defendant to be immediately removed from the premises and that plaintiff have peaceable restitution of the same.. This was placed in the hands of a deputy sheriff for service. He served a certified copy of the writ on defendant and discovered that the execution of the writ involved the removal of heavy machinery, iron beams, and other personal property that could be removed only by tackle and proper apparatus and appliances for moving heavy personal property of that character. The deputy sheriff employed a wrecking company to move this property. Its bill for the services amounted to $1,327.55. The sheriff filed with his return a petition setting forth the facts and prayed that such sum be fixed and allowed by the court as a necessary, reasonable and legal disbursement and fee of the sheriff in the execution of the writ. After a hearing the court taxed the sum as costs and ordered that the writ of restitution be amended by adding the sum as taxable costs, which the sheriff should take out of the goods and chattels of the defendant. A statute of that state specifically allowed the sheriff reimbursement for necessary expenses incurred in serving a writ or other process. The costs were not collected from defendant. The wrecking company sued the sheriff, who impleaded as a defendant, the plaintiff in the action for the possession of the property. The pertinent syllabus reads:

"Where a writ of restitution was issued upon a judgment in favor of a landlord, commanding the sheriff to cause the tenant to be immediately removed from the premises, and the execution of the writ involved the removal of heavy machinery and other property that could be moved only by tackle and other suitable apparatus, and the sheriff employed a wrecking company which did the work at considerable expense, the sheriff could recover the amount of his disbursements from the landlord, who, though he knew the character of the property and that assistance would be necessary to execute the writ, did not inform the sheriff that the ordinary execution of the writ was not desired." (Syl. ¶ 7.)

The case is distinguishable from the one before us for the reasons: *First,* we are cited to no statute similar to that of Wisconsin providing that the sheriff shall be reimbursed for necessary expenses incurred in serving a writ; *second,* it is not alleged nor argued here that the moving of the Pendry property from the premises necessitated the use of moving vans or trucks, or that it required any addi-

tional expense, which the sheriff's force could not perform; and *third,* the alleged expense is not shown to have been approved and attached as costs in the case. As previously noted, the only cost taxed for the service of the writ was seventy cents. We were told in the oral argument that someone presented the bill of the plaintiff here to the court to be taxed as costs and that the court declined to do so.

Upon the authorities and for the reasons above stated we conclude the amended petition did not state facts sufficient to constitute a cause of action against The Landowners Company. The judgment of the court below, therefore, should be reversed with directions to sustain the demurrer to the petition. It is so ordered.