George M. Carney, J.
This is a proceeding pursuant to article 78 CPLR by a petitioner, landlord to require a Marshal to execute a warrant of eviction issued out of Civil Court, to restrain the Mayor and the Commissioner of Investigation from interfering with the Marshals in the performance of their duties and from imposing conditions to the execution of petitioner’s warrant of eviction and to declare null and void a directive of the Commissioner with regard to the Marshal’s performance of duties in executing a warrant. The tenant involved is also joined as a party. The respondent Mayor and Commissioner have counterclaimed for a declaratory judgment.
This proceeding arises out of a recent directive of the Commissioner dated July 7, 1967 which directed the Marshal not to move the evicted tenant’s property onto the sidewalk but into a conveyance for transport to the various warehouses of the Bureau of Incumbrances at the landlord’s expense.
Prior thereto the Marshal would communicate with the Bureau of Incumbrances of the Department of Sanitation and arrange an appointment for the picking up and storage of the evicted tenant’s property.
Petitioner had secured a final order awarding it possession of the apartment involved for nonpayment of rent. The Marshal herein served a warrant of eviction and a 72-hour notice upon the tenant. However, the Marshal has refused to execute the warrant unless the landlord provides for the transport of the property of the tenant as the directive required. Petitioner argues that Marshals are court officers and the directive interferes with the administration of justice. In addition neither the *634 Mayor nor his Commissioner may limit, condition or dilute the law of the State.
The Mayor and Commissioner contend that a landlord has no right to have evicted tenant’s property removed from the sidewalk by appointment with the Department of Sanitation. That depositing property of the tenant on the sidewalk violates sections of the Administrative Code with respect to unlawfully incumbering or obstructing a street or littering. That the Marshal violate no duty to a tenant by making arrangements for the removal and storage of his property. That the Commissioner of Sanitation has sole discretion of the deployment of his men for most effective and efficient operation of his department. Finally that the Commissioner of Investigation acted within the scope of his authority by promulgating the directive involved.
It appears that the situation before the court was brought about by the increased costs for the removal of tenant’s property and the failure to allocate funds in the expense budget for such service.
Taking first the counterclaim of the respondents, it is dismissed. CPLE 7803 provides for the only questions which may be raised in a proceeding under article 78. An advisory opinion by this court is not one of such questions. Mor is such opinio.n proper in a declaratory judgment action. The court may only declare the rights and legal relations of parties to a justiciable controversy, not to render advice to a litigant. However the rights of the petitioner and the duties of the respondents herein will be considered in determining petitioner’s application.
The City Marshals are court officers who are obliged to obey the lawful orders of the court. They must perform their mandated ministerial duties without the exercise of discretion. Hence, insofar as the present petition is concerned, it is apparent that the respondent Marshal must be directed to execute the warrant (Feist v. Schwartz, N. Y. L. J., July 11, 1967, p. 10, col. 2). The warrant requires the Marshal to remove the tenant and put the landlord in full possession. The only practical way in which this can be accomplished is to remove the tenant’s possessions to the most convenient and practical location of the premises which is the sidewalk immediately adjacent to the building. Parenthetically, the court is aware of the high cost of such proceeding to the landlord which cannot be recouped from the tenant particularly in a dispossess for nonpayment of rent. When the property is removed, there is a duty on the city to protect it. This is indicated in subdivsion 4 of section 755 of the Charter which requires the' removal and storage of house *635 hold effects and other chattels. From this it is clear that the tenant’s property incumbering the street must be removed and stored to protect it. Such provision was not made for the benefit of landlords but for tenants. The sections of the Charter and Administrative Code do not apply to a Marshal insofar as incumbering or littering is concerned when in the performance of his duty by order of the court he removes the property to the sidewalk. It then becomes the responsibility of the Department of Sanitation pursuant to section 755 (4)-3.0 of the Administrative Code, to remove the property. The former practice of the Marshal making an appointment for such removal was not a service to the evicting landlord but a practical and efficient method to aid the city in fulfilling its responsibility as well as safeguarding the tenant’s property. While the deployment of the men is solely in the discretion of the Commissioner of Sanitation, he is obliged to utilize the men in such manner as to fulfill the obligations mandated by the Charter and Code.
Finally, it cannot be said that the directive of the Commissioner of Investigation did not impose a condition on the landlord in a summary proceeding. If such conditions are to be imposed on the right to dispossess such must be done by the legislative branch of the government rather than the executive branch. Accordingly insofar as the directive seeks to impose such condition it is null and void.
While it is not the intention of the court to frustrate the laudable endeavor of the Mayor or his Commissioner in saving taxpayers’ money, in the absence of statutory authority the city must continue to remove and store the furniture and chattels of evicted tenants placed on the sidewalk. The court also has serious doubts that the directive is lawful insofar as it requires the landlord to exercise dominion and control of the tenant’s property after the eviction and until it is stored. Accordingly the petition is granted as indicated.