**CASE–AIMOLA PROPERTIES, INC., et al., Appellees,**

v.

**Frank A. THURMAN, Sheriff of Tulsa County, Oklahoma, Appellant.**

No. 65723.

Supreme Court of Oklahoma.

March 29, 1988.

Wendell W. Clark, Tulsa, for appellee Case–Aimola Properties, Inc.

Dick Blakeley, Asst. Dist. Atty., Tulsa, for appellant.

HODGES, Justice.

Upon certiorari having been previously granted to the Court of Appeals, Division 2, appellees landlords present for consideration the question whether sheriffs, when serving writs of execution in forcible entry and detainer actions issued pursuant to 12 O.S.1981 § 1148.10,[1] must remove not only the tenant being evicted from the rental premises, but also all of that tenant's possessions. We answer in the affirmative. We now reverse and vacate the opinion of the Court of Appeals and affirm the judgment of the trial court.

Appellees, owners of residential rental property within Tulsa County, Oklahoma, brought a class action against appellant Frank Thurman, Sheriff of Tulsa County, (Sheriff), seeking a petition for writ of mandamus and declaratory judgment. The controversy concerns the construction of language contained in § 1148.10, as follows: "to cause the defendant [tenant] to be forthwith removed from said premises and the said plaintiff [landlord] to have restitution of the same...."

 Landlords contend Sheriff is required to give restitution of residential rental units to the landlords by removing from the premises not only the persons in possession of the unit but also their possessions as well pursuant to executions issued after judgments for possession of such premises in forcible entry and detainer actions and forcible detainer actions. Sheriff, on the other hand, argues he is not required to remove the possessions of the tenant, but rather only the tenant himself together with other persons claiming occupancy rights through the tenant, when restoring possession of such rental units to their rightful possessors.

On July 19, 1985, the District Court of Tulsa County issued an alternative writ of mandamus requiring Sheriff in the service of writs of execution in forcible entry and detainer or forcible detainer actions under § 1148.10 by any of the several district judges, special judges or associate district judges of the District Court of Tulsa County to remove from the premises described in such writs not only all persons wrongfully detaining such premises but also all of their possessions. On August 19, 1985, the district court conducted a hearing and confirmed the alternative writ of mandamus finding Sheriff had failed to show any legal cause why the alternative writ of mandamus previously issued should not be made effective. The district court stayed its implementation until August 26, 1985.

On December 4, 1985, in its journal entry of judgment, the district court issued the previously issued writ of mandamus as a peremptory writ of mandamus. It found the service of writs of execution pursuant to § 1148.10 is a ministerial duty imposed upon Sheriff, and is thus subject to a writ

1. The terms of 12 O.S.1981 § 1148.10 provide:
 "If judgment be for plaintiff, the court shall, at the request of the plaintiff, his agent or attorney, issue a writ of execution thereon, which shall be in substantially the following form:
 "The State of Oklahoma, _____ County. The State of Oklahoma to the Sheriff of _____ County:
 "Whereas, in a certain action for the forcible entry and detention (or for the forcible detention as the case may be) of the following described premises, to wit: _____ lately tried before me, wherein _____ was plaintiff, and _____ was defendant, judgment was rendered on the ____ day of _____, 19__, that the plaintiff have restitution of said premises; and also that he recover rent, attor-

ney fees and costs in the sum of _____; you, therefore, are hereby commanded to cause the defendant to be forthwith removed from said premises and the said plaintiff to have restitution of the same; also that you levy on the goods and chattels of the said defendant, and make the costs aforesaid, and all accruing costs, and of this writ, make legal service and due return.
 "Witness my hand this ____ day of _____, 19__.
 A.B., Judge _____
 "A motion for a new trial may be filed only within three (3) days of judgment but shall not operate to stay execution."

of mandamus. Additionally, it granted landlords' petition for declaratory judgment construing the language contained in § 1148.10 as requiring Sheriff, and his deputies, to remove from the premises described in such writs of execution not only all persons wrongfully detaining such premises but also all of the personal property located in such wrongfully detained premises.

The Court of Appeals reversed the trial court's judgment. It ruled Sheriff is not required to remove *all* goods and chattels of the tenant, rather only those goods and chattels that are necessary to pay the judgment being executed upon. In resolving the issue presented it read 12 O.S.1981 §§ 1148.10 and 1148.10A *in pari materia* to determine the legislative intent. We do not agree with this construction.

Section 1148.10A provides in relevant part:

"If no supersedeas bond be posted within the time provided herein, the officer shall forthwith restore the plaintiff to possession of the premises by executing the writ prescribed in the preceding section of the statutes and shall make levy to collect the amount of the judgment and all accruing costs. The officer's return shall be as upon other executions."

This section imposes two separate duties upon a sheriff if no supersedeas bond is posted, *to wit:* (1) restore the landlord to possession of the premises by executing the writ of execution and (2) levy to collect the amount of the judgment and all accruing costs. Section 1148.10 likewise requires a sheriff to perform these two distinct duties.

To find otherwise would be contrary to this Court's commitment to the precept that a landlord may not resort to self-help to gain possession of realty, but must regain possession through an action at law. *Ramirez v. Baran*, 730 P.2d 515, 517 (Okla. 1986); *Casey v. Kitchens*, 69 Okl. 169, 168 P. 812 (1917). *See also Christensen v. Hoover*, 643 P.2d 525, 528 (Colo.1982); *State ex rel. Marsol Apartment Co. v.*

*Vannuci*, 68 Ohio App.2d 181, 428 N.E.2d 468, 471 (1980).

The statutory language in § 1148.10 is clear. The term "restitution" is defined by *Black's Law Dictionary* 1180 (5th ed.) as: "Restoration of status quo is an amount which would put plaintiff in as good a position as he would have been if no contract had been made and restores to plaintiff value of what he posted within performing contract." We find the use of the word "restitution" in § 1148.10 without any limiting language indicates the Legislature intended the removal of *all* of a tenant's personal property. This is necessary so as to restore the landlord to the position he occupied prior to entering the lease, *i.e., full* possession of the premises. Our construction is consistent with the general rule that exceptions should not be read into a statute which are not made by the legislative body. *Grand River Dam Authority v. State*, 645 P.2d 1011, 1018 (Okla.1982). And when the intent of the legislature is plainly expressed in a statute, it must be followed without further inquiry. *Matter of Request of Hamm Prod. Co. For Ext.*, 671 P.2d 50, 52 (Okla.1983).

Although this issue is one of first impression in the State of Oklahoma, the question has been considered in several other states construing similar statutes. Our interpretation of § 1148.10 is in accord with decisions of other jurisdictions. The Ohio case of *State ex rel. Marsol Apt. Co. v. Vannuci, supra*, held "where a party prevails in an action for forcible entry and detainer, it is the clear legal duty of the bailiff to remove defendant's (tenant's) *possessions* as well as his *person* from the premises after the writ of restitution has been issued by the court in order to effect the restitution of the premises to the lawful owner." The Ohio Court relied on case law from New York and Massachusetts. *See Koonce v. Aldo Realty Trust*, 8 Mass.App. 199, 392 N.E.2d 549, 551 (1979); *In re 667 East 187th St. Corp. v. Lindsay*, 54 Misc. 2d 632, 634, 283 N.Y.S.2d 199, 202 (1967). The court reasoned the apparent intent of

the legislature was to minimize the hardship and breaches of the peace which often accompany dispossessions carried out by private parties.

Landlords also direct our attention to cases in California, Colorado and Kansas which have examined their legislation and have similarly concluded it is the officer's duty to not only remove the tenant, but the tenant's personal property and effects from the premises as well. *Coniff v. Superior Court of California in and for Alameda County,* 90 Cal.App. 169, 265 P. 555 (1928); *Christensen v. Hoover,* 643 P.2d 525 (Colo.1982); *Merchants Transfer & Storage Co. v. Landowners Co.,* 155 Kan. 394, 125 P.2d 360 (1942) (quoting W. Anderson, *Treatise on the Law of Sheriffs* § 649 (1941). *See also Fridena v. Maricopa County,* 18 Ariz.App. 527, 504 P.2d 58, 63 (1972). Such a construction is consistent with the Legislative intent previously deduced above from the plain language of § 1148.10 and Oklahoma's adherence to the rule that a landlord may not resort to self-help to dispossess a tenant, but must regain possession through an action at law. We thus are persuaded by this line of cases.

In *Shadid v. Okl. Alcoholic Bev. Control Bd.,* 639 P.2d 1239, 1242 (Okla.1982), we said: "If consequential or incidental relief is properly alleged and sought, the court may, in a proper case, accord both declaratory, executory or coercive relief whenever the relief becomes necessary to effectuate the declaratory judgment." We conclude that mandamus relief was proper consequential relief emanating from the declaratory judgment in the present case.

In Oklahoma, attorney's fees are not ordinarily recoverable in the absence of a statute or an enforceable contract. *Roberts v. City of Bethany,* 668 P.2d 332 (Okla.1979). Landlords' request to assess attorney's fees against Sheriff is therefore denied.

Accordingly, based upon the plain language of § 1148.10 and the decisional law of other jurisdictions, we reverse and va-cate the Court of Appeals' holding on this issue. The judgment of the trial court is AFFIRMED.

DOOLIN, C.J., HARGRAVE, V.C.J., and LAVENDER, OPALA and ALMA WILSON, JJ., concur.

KAUGER and SUMMERS, JJ., dissent.