■ ANN CUCINOTTA, Respondent, v SOPHIE HANULAK, Appellant. [647 NYS2d 425] —Order and judgment unanimously reversed on the law without costs and complaint dismissed. Memorandum: Plaintiff, an 82-year-old woman, leased an apartment from defendant for a one-year term commencing December 1, 1993. The written lease agreement provided for a monthly rental of $475 and required plaintiff to tender a security deposit. In August 1994 plaintiff suffered a stroke and was hospitalized. By letter dated September 1, 1994, and mailed subsequent thereto, plaintiff's son advised defendant that plaintiff had been accepted at the Westchester Community Senior Apartments and would be vacating her apartment as of October 1, 1994. Defendant responded that the letter would not

be accepted to terminate the lease effective September 30, 1994, because the notice was not timely and plaintiff failed to provide appropriate documentation of her admission to Westchester Community Senior Apartments. Plaintiff vacated the premises on September 30, 1994. Defendant refused to return her security deposit, and instead applied it to the October 1994 rent as permitted by the parties' lease.

Plaintiff commenced this action seeking judgment in the amount of her security deposit in a Small Claims Part of the Justice Court of the Town of Amherst. A judgment for plaintiff in the amount of $475 was entered and affirmed on appeal by Erie County Court.

We reverse. The scope of our review in this action upon a small claim is limited to whether "substantial justice has not been done between the parties according to the rules and principles of substantive law" (UJCA 1807). A small claim judgment "will not be overturned unless [the] court's determination is 'clearly erroneous' and the deviation from substantive law is 'readily apparent'" (*Lockwood v Niagara Mohawk Power Corp.*, 112 AD2d 495, 496, quoting *Schiffman v Deluxe Caterers*, 100 AD2d 846, 847).

Real Property Law § 227-a (2) permits a senior citizen entering an adult care facility, a residential health care facility or a subsidized housing project to terminate his or her lease "by notice in writing delivered to the lessor or owner or to the lessor's or owner's agent". The effective date of the termination is "no earlier than thirty days after the date on which the next rental payment subsequent to the date when such notice is delivered is due and payable" (Real Property Law § 227-a [2]). Additionally, the notice must be "accompanied by a documentation of admission or pending admission" to the designated facility (Real Property Law § 227-a [2]).

In the present case, it is undisputed that plaintiff failed to comply with Real Property Law § 227-a (2) because she did not give notice in a timely fashion and the notice was not accompanied by the appropriate documentation. Thus, the court's determination is "clearly erroneous" and the deviation from the substantive requirements of Real Property Law § 227-a (2) is "readily apparent".

Lastly, contrary to plaintiff's assertions, the order and judgment cannot be sustained on grounds of equity and fair play or on the ground that plaintiff complied with the statute "in spirit". A Small Claims Part has no equitable powers and cannot grant equitable relief (*see*, Siegel, NY Prac § 581 [2d ed]). (Appeal from Order of Erie County Court, Drury, J.—Small

Claims.) Present—Green, J. P., Pine, Wesley, Callahan and Davis, JJ.