2005 OK CIV APP 14

Sharon Ann SOCIA, as Personal Representative of the Estate of James Jay Socia, deceased, and as parent and next friend of Sarah Ann Socia, a minor, Plaintiff/Appellee,

v.

TRADITIONS, INC., and Jackie Rogers, Defendants,

and

Karen Szymanski, Movant/Appellant.

No. 100,030.

Court of Civil Appeals of Oklahoma, Division No. 3.

Jan. 14, 2005.

Thomas J. Morris, III, Ponca City, OK, for Plaintiff/Appellee.

M.E. McCollam, Tulsa, OK, for Movant/Appellant.

Opinion by LARRY JOPLIN, Presiding Judge.

¶1 On September 16, 2002, James Jay Socia, was fatally injured in an automobile accident. The decedent was survived by his mother, Movant/Appellant, Karen Szymanski, and his only child, Sarah Ann Socia, a minor. Plaintiff /Appellee, Sharon Ann Socia, the ex-wife and mother of the decedent's minor child, was appointed as guardian of the minor child's estate. Appellee was thereafter appointed as personal representative of decedent's estate. In her capacity as personal representative, Appellee filed a wrongful death action against the defendants pursuant to 12 O.S.2001 § 1053.

¶2 During the wrongful death proceeding, Appellant filed a motion to intervene to assert a claim for damages under § 1053(B). Appellant sought damages for her grief and loss of companionship of the decedent. Her motion to intervene was overruled. When Appellee filed a motion to approve a compromise settlement in the amount of $100,000.00, Appellant re-urged an earlier filed motion for apportionment and evidentiary hearing. The trial court approved the settlement, but denied Appellant's motion. The trial court's order held:

> Karen Szymanski is not entitled to an evidentiary hearing or damages under Okla Statutes, Title 12, Sec. 1053 and *Ouellette v. State Farm Mut. Auto. Ins. Co.*, 1994 OK 79, 918 P.2d 54 [1363] *[sic]* as a matter of law Karen Szymanski's Motion for Apportionment and Request for Hearing should be and hereby is over

Appellant now appeals the trial court's order denying her request for an evidentiary hearing on the issue of apportionment.

¶3 As a preliminary matter, we address Appellee's motion to dismiss. Appellee sought to dismiss Appellant's appeal on the basis she did not timely appeal the trial court's denial of her motion to intervene. The Supreme Court deferred consideration

of the dismissal motion until the decisional stage. Appellee re-urged the motion to dismiss in her response brief. In reply, Appellant concedes she did not appeal the trial court's order denying her motion to intervene, but urges she was not required to intervene in the wrongful death proceeding to assert her claim for apportionment. We agree.

 ¶ 4 Under § 1053(B), Appellant may be entitled to a portion of the wrongful death recovery. However, because only the authorized representative of a decedent's estate may prosecute a wrongful death action under § 1053(A), Appellant is statutorily prohibited from bringing any action of her own. *See Ouellette v. State Farm Mut. Auto. Ins.,* 1994 OK 79, ¶ 9, 918 P.2d 1363, 1366. Thus, although Appellant may have been denied the opportunity to intervene as a matter of right in the wrongful death action, she may have a unique interest in the distribution of the wrongful death damage award under § 1053(B). *See Plain v. Murphy Family Farms,* 296 F.3d 975, 979–80 (10th Cir.2002). Because of this unique interest, we find Appellant had the right under § 1053 to assert her claim for apportionment even though she was not permitted to intervene. Appellee's motion to dismiss is denied.

 ¶ 5 Now, we address the substantive portion of Appellant's appeal. Appellant urges the trial court erred when it determined that under *Ouellette,* Appellant was not entitled to an evidentiary hearing or damages under § 1053 as a matter of law. To address this issue, we must analyze the legal rulings in *Ouellette* in conjunction with the legislative intent expressed in § 1053. Statutory interpretation raises a legal question which is subject to a *de novo* standard of review. *State ex rel. Dept. of Transp. v. Little,* 2004 OK 74, ¶ 10, 100 P.3d 707, 711. This Court has plenary, independent and nondeferential authority to re-examine a trial court's legal rulings. *Id.*

¶ 6 Appellant first points out her right to damages for grief and loss of companionship is established by § 1053. We agree. Prior to 1979, § 1053 provided in relevant part:

A. When the death of one is caused by the wrongful act or omission of another, the personal representative of the former may maintain an action therefor against the latter, or his personal representative if he is also deceased, if the former might have maintained an action, had he lived, against the latter, or his representative, for an injury for the same act or omission. The action must be commenced within two (2) years. The damages must inure to the exclusive benefit of the surviving spouse and children, if any, or next of kin; to be distributed in the same manner as personal property of the deceased.

B. The damages recoverable in actions for wrongful death as provided in this section shall include the following: medical and burial expenses; the pecuniary loss to the survivors based upon properly admissible evidence with regard thereto including, but not limited to, the age, occupation, earning capacity, health habits, and probable duration of the decedent's life; the mental pain and anguish suffered by the decedent; and the loss of consortium of the surviving spouse.

. . . .

Clearly, under the pre–1979 version of § 1053, parents had no right to recover damages for their grief and loss of companionship occasioned by the wrongful death of their child. However, § 1053 was amended in 1979 to provide:

A. When the death of one is caused by the wrongful act or omission of another, the personal representative of the former may maintain an action therefor against the latter, or his personal representative if he is also deceased, if the former might have maintained an action, had he lived, against the latter, or his representative, for an injury for the same act or omission. The action must be commenced within two (2) years.

B. The damages recoverable in actions for wrongful death as provided in this section shall include the following: Medical and burial expenses, which shall be distributed to the person or governmental agency as defined in Section 200 of Title 56 of the Oklahoma Statutes, who paid these ex-

penses, or to the decedent's estate if paid by the estate.

The loss of consortium and the grief of the surviving spouse, which shall be distributed to the surviving spouse.

The mental pain and anguish suffered by the decedent, which shall be distributed to the surviving spouse and children, if any, or next of kin in the same proportion as personal property of the decedent.

The pecuniary loss to the survivors based upon properly admissible evidence with regard thereto including, but not limited to, the age, occupation, earning capacity, health habits, and probable duration of the decedent's life, which must inure to the exclusive benefit of the surviving spouse and children, if any, or next of kin, and shall be distributed to them according to their pecuniary loss.

*The grief and loss of companionship of the children and parents of the decedent, which shall be distributed to them according to their grief and loss of companionship.*

C. In proper cases, as provided by Section 9 of Title 23 of the Oklahoma Statutes, punitive or exemplary damages may also be recovered against the person proximately causing the wrongful death or his representative if such person be deceased. Such damages, if recovered, shall be distributed to the surviving spouse and children, if any, or next of kin in the same proportion as personal property of the decedent.

D. *Where the recovery is to be distributed according to a person's pecuniary loss or loss of companionship, the judge shall determine the proper division.*

E. The above-mentioned distributions shall be made after the payment of legal expenses and costs of the action.

(Emphasis added.) Among other changes, the 1979 amendment deleted the former third sentence of section A and rewrote subsection B to separate and identify the various elements of damages and authorized recipients of same.

¶ 7 We reiterate the fundamental rule of statutory construction is to ascertain and give effect to the legislative intent and that such intent must first be sought in the language of a statute. *Oklahoma Ass'n for Equitable Taxation v. City of Oklahoma City,* 1995 OK 62, ¶ 5, 901 P.2d 800, 803. By amending § 1053, we find the Legislature clearly intended to explicitly provide parents with a right to claim an element of damage for their "grief and loss of companionship" occasioned by the wrongful death of their child. We also find this right exists whether or not there are also surviving children of the decedent. The parents' right to assert such a claim under § 1053(B) is not conditioned upon their status as "next of kin," and we will not read conditions into a statute not intended by the Legislature. *Case–Aimola Properties, Inc. v. Thurman,* 1988 OK 30, ¶ 9, 752 P.2d 1120, 1122. Only Appellant's *actual receipt* of a portion of the wrongful death recovery is conditional because the trial judge has the discretion to determine the proper division of any recovery which is to be distributed according to a person's loss of companionship. *See* § 1053(B).

¶ 8 Because § 1053 specifically recognizes Appellant's right to seek damages for her grief and loss of companionship occasioned by her child's wrongful death, we find the trial court's construction of *Ouellette* defeats the legislative intent and creates an absurd result. The trial court found under *Ouellette,* a surviving parent would only be entitled to damages for grief and loss of companionship if there are no surviving children. This is an inaccurate interpretation of *Ouellette* and not at all what the Supreme Court actually held. In *Ouellette,* the Supreme Court's focus was upon the *person* statutorily authorized to *press* (i.e., *initiate*) a wrongful death action as a party/plaintiff. The *Ouellette* Court explained:

A wrongful-death claim may be *pressed only* by persons authorized to bring it (§§ 1053 and 1054). By force of § 1053(A) the action may be brought by the personal representative of the decedent, but if none has been appointed, then by the widow, or where there is no widow, by the decedent's next of kin (§ 1054).

. . . .

*Only* when the parents are the decedent's next of kin may they *press* for "grief and

loss of companionship" damages as an element of their authorized recovery.

*Ouellette* at ¶¶ 9 and 10, 918 P.2d at 1366–67(footnotes omitted, emphasis added). This language in *Ouellette* does not prohibit a parent from asserting her claim for a share in the post-recovery apportionment, but rather addresses when a parent may bring a wrongful death action.

¶ 9 In the instant case, a wrongful death action was properly initiated by the personal representative of the estate. During the post-recovery phase of the wrongful death proceeding, Appellant properly asserted her claim for a share in the apportionment of the settlement proceeds. Appellant also properly sought an evidentiary hearing to demonstrate the value of her grief and loss of companionship.

¶ 10 Based on the foregoing, we find the trial court erred as a matter of law when it overruled Appellant's motion for apportionment without first granting her an opportunity to demonstrate the value of her grief and loss of companionship. The trial court's order is reversed and this matter is remanded with instructions for the trial court to hold an evidentiary hearing and any further proceedings consistent with this opinion.

¶ 11 REVERSED AND REMANDED.

HANSEN, J., concurs in result, and BUETTNER, C.J., concurs.