OPINION OF THE COURT
Thomas Rainbow Morse, J.
*232 The court has conducted a de novo small claims proceeding in the above matter and has taken sworn testimony regarding the plaintiffs request for a $2,000 judgment for the value of property cleaned out of apartment No. 1 at 197 Emerson Street following a summary eviction proceeding. It is evident from the credible testimony that the plaintiff was incarcerated at the time the property was taken away. It is also clear from the testimony that some of the furniture and clothing removed were items of value.
For over 80 years, it has been clear in New York that a marshal has the right to remove a tenant’s property of value still left in an apartment more than 72 hours after the tenant has been served with a warrant of eviction.[1] If such property is removed by the marshal at the landlord’s request or by the landlord, the landlord is responsible for the cost of storing the property for a reasonable period until it is claimed by the tenant.[2] If the landlord stores the items in a third party’s storage facility, then after 30 days, section 7-206 of the Uniform Commercial Code provides the best guidance regarding how the parties should proceed.[3] If the landlord stores the property, then it *233 seems reasonable to this court that it should be held for 30 days after which the landlord should follow the procedures outlined in UCC 7-206. In this case, however, the property was not stored, it was placed on the curb.[4] The landlord’s liability stems from this failure to safeguard or store items of value left in the leased premises at the time of the execution of the warrant of eviction.
The court has found that there were items of value which were removed by or at the direction of the landlord which were discarded by the side of the road. While obviously a landlord has no responsibility to store trash left behind by the evicted tenant, a landlord would be well advised to photograph with a digital camera any items left behind before disturbing or removing them. Then, should the need later arise for a court to determine whether the items removed were rubbish or things of value, the landlord would be in a position to assist a court in *234 reaching a determination by printing and producing the stored images.
Accordingly, consistent with the court’s responsibility “to do substantial justice between the parties according to the rules of substantive law”[5] and consonant with its authority to “condition the entry of such judgment upon such terms as the court shall deem proper,”[6] it is hereby ordered that the plaintiff is entitled to a judgment for $1,000 which represents the fair and reasonable value of the property removed. And it is further ordered that this court’s judgment order is stayed until December 1, 2006 to allow the defendant to pay the amount ordered without a judgment being entered. And it is further ordered that if payment is not made by December 1, 2006 the judgment shall be entered in favor of the plaintiff without further appearance before the court after receipt of plaintiffs written request for entry of a judgment accompanied by a notarized affidavit indicating that no appeal of this order has been taken by either party and that payment was not made by the defendant as ordered.

. Ide v Finn, 196 App Div 304 (1st Dept 1921) (a marshal can remove remaining personal property of the former tenant to secure full possession of the premises for the landlord); compare Matter of 667 E. 187th St. Corp. v Lindsay, 54 Misc 2d 632 (Sup Ct, NY County 1967) (removing the tenant’s personal property was the only practical way to put landlord in full possession).

. See Priester v R.F.H. Realty Corp., 13 Misc 2d 446 (App Term, 2d Dept 1958) (no conversion where landlord stored evicted tenant’s property in basement where property was subsequently destroyed in flood); Matter of Young v Warehouse No. 2, 143 Misc 2d 350, 352 (Civ Ct, Richmond County 1989) (where evicted tenant’s property stored by landlord and city marshal at warehouse, landlord rather than tenant must pay for storage); 667 E. 187th St., 54 Misc 2d at 634-635 (suggesting City Charter requires storage of evicted tenant’s property); Mutzner v Comptroller of City of N.Y., 1995 WL 495803, *5-6, 1995 US Dist LEXIS 11959, *14-17 (SD NY 1995).

. This court agrees with this conclusion reached in Matter of Young v Warehouse No. 2, 143 Misc 2d 350 (Civ Ct, Richmond County 1989). In that case, Justice Graves noted that UCC 7-206, which concerns “Termination of Storage at Warehouseman’s Option” specifies
“that warehouseman may, on notifying interested parties, require payment of his charges and removal of the stored goods by the end of the agreed storage period or, if no period was agreed, by the end of a period of 30 days after receipt of notification. If not removed, the section continues, the goods may be sold in accordance with section 7-210. In eviction cases, it would appear that the period would usually be 30 days and that the tenant, at any time during the period could go to the warehouse and claim his *233 possessions without having to pay any charges. If the tenant did so, the accumulation of warehouse charges would stop and the warehouseman might claim from the landlord all that was owed. If the tenant did not claim his furnishings, the warehouseman could, after the expiration of the 30-day period, serve the notification described in paragraphs (a), (b) and (c) of section 7-210 (2). The notification is to be served by personal delivery or by registered or certified mail. It would appear to be good practice to serve the landlord as well as the tenant. Among other things, the notification must contain a demand for payment within a specified time not less them 10 days after receipt and a statement that if the claim is not paid within that time, the goods will be advertised and sold at auction. At any time before the sale, the tenant may claim the goods and take possession of same without payment. If he fails to do so, the goods may be sold as provided in section 7-210 (2), but the proceeds must be held by the warehouseman for the benefit of the tenant. The warehouseman may look only to the landlord for the payment of the warehouse charges.” Young at 351-352.

. The custom in Rochester seems to be that marshals will not remove the property unless the landlord pays them for storage or executes a document accepting liability should any lawsuit arise from the property’s removal. Thus, in almost every case in Rochester, the marshal merely changes the locks to the leased premises. It is then the landlord, not the marshal, who removes any property remaining inside. Once a landlord takes that action, he or she may then be subject to a civil action based on a number of theories, including conversion or negligence. In addition, while the warrant does not give landlord “title” to the property and, thus, the landlord may not retain the property as security for an unpaid judgment without moving for postjudgment relief in the proper court, he or she is entitled to bring an action against the tenant for the cost of storage.

. Uniform City Court Act § 1804. In large part, proceedings in small claims “shall not be bound by statutory provisions or rules of practice, procedure, pleading or evidence.” Id. Importantly, while Supreme Court rules may apply in small claims “so far as the same can be made applicable and are not in conflict with the provisions of [the UCCA]; in case of conflict, the provisions of [the UCCA] shall control.” UCCA 1804; see Williams v Roper, 269 AD2d 125 (1st Dept 2000), lv dismissed 95 NY2d 898 (2000); see also Cruz v Beechwood RB LLC, 11 Misc 3d 126(A), 2006 NY Slip Op 50183CU) (App Term, 1st Dept 2006).

. Uniform City Court Act § 1805 (a); but see Cucinotta v Hanulak, 231 AD2d 904, 905 (4th Dept 1996) (“Small Claims Part has no equitable powers and cannot grant equitable relief’).