LINDA KOONCE vs. ALDO REALTY TRUST & others.[1]

Hampden.   April 25, 1979. — August 1, 1979.

Present: ARMSTRONG, BROWN, & KASS, JJ.

Practice, Civil, Appeal, Execution of judgment. Landlord and Tenant,
    Eviction. Constable.

In serving an execution giving a landlord possession, rent arrearages,
    and costs, a constable was without authority under G. L. c. 239, § 4,
    to remove from the tenant's apartment only certain items of highly
    portable equipment and to leave behind a note to the effect that
    execution for possession would be carried out if the rent due were
    not paid. [200-202]

CIVIL ACTION commenced in the Housing Court of the
County of Hampden on September 30, 1977.

The case was heard by Peck, J., on a motion to dismiss.

William F. Malloy for the plaintiff.

KASS, J. Once again we are confronted with a case in
which no judgment was ever entered as required by
Mass.R.Civ.P. 58(a), as amended, 371 Mass. 908 (1976),
and the appellate procedure is, therefore, premature. Un-
der such circumstances we are constrained to dismiss the
appeal. Tisei v. Building Inspector of Marlborough, 5
Mass. App. Ct. 328, 330 (1977). Levy v. Bendetson, 6 Mass.
App. Ct. 558, 558-562 (1978). Harrow v. Board of Ap-
peals of Pittsfield, 7 Mass. App. Ct. 937 (1979) Smith &
Zobel, Rules Practice §§ 58.5, 58.6 (1977).

Because the case has been briefed and argued we will
express our views, and the plaintiff may, in light of our
opinion, choose to move for a rehearing and reconsidera-
tion of the defendants' motion to dismiss the action. That

[1] Irving Feldman and Phyllis Feldman.

motion was allowed after trial in the court below and the judge made findings of fact.

The controversy revolves around whether the defendant Aldo Realty Trust (landlord) and the defendant Irving Feldman, a constable (constable), lawfully employed a summary process execution issued by the Housing Court of the County of Hampden. The plaintiff has sought a declaratory judgment concerning this issue.

From the Housing Court judge's findings of fact, which we must accept unless clearly erroneous, Mass.R.Civ.P. 52(a), 365 Mass. 816 (1974),[2] and certain uncontroverted pleadings we learn that the plaintiff was a tenant of the landlord's. She fell behind in rent payments, and the landlord, after some months, brought summary process proceedings. An execution issued giving the landlord possession, rent arrearages, and costs. The landlord delivered the execution to the constable for the purpose of regaining possession of the apartment in which the plaintiff lived and to collect the dollar amounts set out in the execution, one infers by levying on those items of the plaintiff's personal property which were not exempt from execution under G. L. c. 235, § 34, as amended through St. 1975, c. 501, §§ 4, 5, 6, 7 and 8.

In order to obtain possession, it was open to the constable, acting under G. L. c. 239, § 4, to remove the personal property in the apartment, place it on the sidewalk, and thereafter (assuming the dispossessed tenant does not then and there take charge of the belongings) remove it to storage for the benefit of the owners. The constable may sell property at public auction to satisfy the judgment in the manner prescribed by G. L. c. 235, §§ 36 through 45. What the constable (inferably from the record at the landlord's instruction) did instead in this case

---

[2] A finding of fact is "clearly erroneous" when the reviewing court is left with the definite and firm conviction that a mistake has been committed. *Building Inspector of Lancaster* v. *Sanderson*, 372 Mass. 157, 160 (1977). *Sanguinetti* v. *Nantucket Constr. Co.*, 5 Mass. App. Ct. 227, 228 (1977).

was to remove the following items of highly portable equipment: three fans; a stereo system and record collection; a digital clock radio; a double bed quilt; an iron; and a portable tape recorder,[3] and to leave behind a note to the effect that execution for possession would be carried out if the rent were not paid up. Much bargaining ensued; the constable never did come back; and the plaintiff did not bring her rent current. The items of personal property which the constable had removed were, after some months, returned.

It is inescapable from the record that the constable, acting in concert with the landlord, used the execution as an instrument of persuasion rather than a means of satisfaction. A constable holds a public office (see G. L. c. 41, §§ 91 through 95) and is not a negotiating agent for a private party. The conduct of the constable lends itself to, and in this case smacks of, a harassing and coercive kind of debt collecting now proscribed under G. L. c. 93, § 49, which makes such conduct actionable under G. L. c. 93A. See *Baldassari* v. *Public Fin. Trust*, 369 Mass. 33 (1975).

It was the duty of the constable, once the execution was placed in his hands, to remove all the plaintiff's possessions, to sell in the statutory manner (fourteen days after seizure) such of them as were necessary to satisfy the execution, and to make all the rest of the plaintiff's possessions available to her. See *McGonigle* v. *Belleisle Co.*, 186 Mass. 310, 313 (1904). We have considered whether the symbolic method of execution here employed (i.e.,

---

[3] Of this list, only the quilt, and perhaps the iron, qualify for exemption from execution under G. L. c. 235, § 34. When the exemptions from execution, which now appear in § 34, were set forth in 1805 (St. 1805, c.100, § 1, which built on a colonial model) life hung on different threads: "[T]he Wearing Apparel, beds, bedsteads, bedding, and household utensils, of any debtor, necessary for himself, his wife, and children; the tools of any debtor, necessary for his trade or occupation, the bibles and School books, which may be in actual use in his or her family, together with one Cow and one Swine, shall be altogether exempted from attachment and execution . . . one bed, bedstead, and necessary bedding for two persons . . . ."

the iron, the record collection, the quilt — none of which seems promising for conversion into dollars and certainly brought the landlord no closer to possession) has utility because it may bring about an accommodation between landlord and tenant. We think it does not because of our analysis that: (1) a constable or sheriff is without authority to act as a goad to a private settlement; and (2) piecemeal exercise of an execution has too much potential for coercion.

*Appeal dismissed.*