WARREN RUBEL vs. HAYDEN, HARDING & BUCHANAN, INC.

Suffolk.    October 19, 1982. — February 2, 1983.

Present: PERRETTA, CUTTER, & KASS, JJ.

*Agency,* Scope of authority.  *Corporation,* Officers and agents.

In an action against a civil engineering corporation, a wholly owned
subsidiary of another corporation, by a plaintiff seeking payment of a
fee for his services in finding a source of financing for a residential con-
struction project in Venezuela, to be undertaken by a Venezuelan cor-
poration in which the engineering firm held a minority interest, the
evidence was insufficient to establish that one who was the president,
treasurer, chairman of the board of directors, and chief administrative
officer of the engineering corporation had actual or apparent authority
to commit that corporation to the agreement to pay the fee. [254-256]

CIVIL ACTION commenced in the Superior Court on
February 26, 1975.

The case was tried before *Connolly,* J.

*Charles F. Nayor (John F. Trefethen, Jr.,* with him) for
the plaintiff.

*Jacob J. Locke* for the defendant.

KASS, J.   After a jury returned a special verdict which, in
effect, found the defendant Hayden, Harding & Buchanan,
Inc. (HHB), liable to the plaintiff Rubel for a finder's fee, a
Superior Court judge allowed a motion for judgment for
HHB notwithstanding the verdict.

That action of the judge — which we think was right —
triggered an appeal by Rubel, although no judgment for the
defendant has to date been entered in the Superior Court.
Indeed, a judgment does appear on the docket, but it is one
for Rubel in the amount of $13,610.[1]   Accordingly the ap-

---

[1] We take that judgment to be vacated by the allowance of the motion
for judgment notwithstanding the verdict.

peal must be dismissed.[2] As the case has been briefed and argued, we express our views, leaving it to the parties and the trial court to put the case on the proper procedural footing in conformity with this opinion. See *Levy* v. *Bendetson,* 6 Mass. App. Ct. 558, 561-562 (1978).

The question posed is whether John Hayden had authority, express or apparent, to commit HHB to pay a fee to Rubel should he produce financing for a development venture in Venezuela.

On the basis of the evidence most favorable to the plaintiff, the jury were able to find the following. Hayden's status with HHB, a civil engineering firm based in Boston, was considerably above entry level: he was president, treasurer, chairman of the board of directors and chief administrative officer. HHB had a minority interest in a Venezuelan corporation called Venusca, which engaged primarily in engineering. Venusca, however, had developed entreprenurial aspirations in connection with a large residential project about 120 miles west of Caracas. That venture required $1,160,000 of "up-front money" and Hayden was asked by his coventurers in Venusca to try to raise it.

To that end Hayden arranged an encounter with the plaintiff Rubel which took place on June 12, 1974, at LaGuardia Airport in New York. A Washington lawyer who knew them both had made the introduction. At a second meeting with Hayden in Boston, Rubel brought up the subject of how he was to be paid should he succeed in finding a satisfactory source of capital for the Venezuelan enterprise. Hayden found the several compensation formulae which Rubel advanced reasonable, but left the matter up in the air, explaining that it was necessary to discuss the question with others. The parties did decide, however, that Rubel should make a trip to Caracas to familiarize himself with the proposed project and to meet some of the players.

---

[2] HHB has filed a cross-appeal from its denial of a motion for a new trial. That appeal is properly before us but becomes academic in light of our views about the correctness of the allowance of the motion for judgment notwithstanding the verdict.

Rubel's exertions culminated in a draft agreement for the furnishing of the up-front money by the First National Bank of Chicago. At a meeting with Hayden on August 6, 1974, Rubel exhibited an unsigned document from the bank outlining the terms on which it might advance funds. All of the capital stock in HHB, however, was owned by a parent corporation, referred to in the trial testimony both as Peabody Gallion Company and Peabody International. The status of HHB as a wholly-owned subsidiary was known to Rubel before he began his efforts to locate financing for the Venusca venture. Peabody Gallion turned down the Venusca residential project and, thereafter, Hayden no longer returned Rubel's telephone calls. This action resulted.

When he acted on the defendant's motion for judgment notwithstanding the verdict,[3] it was, of course, the judge's task, taking into account all the evidence in its aspect most favorable to the plaintiff, to determine whether, without weighing the credibility of the witnesses or otherwise considering the weight of the evidence, the jury reasonably could return a verdict for the plaintiff. *O'Shaughnessy* v. *Besse,* 7 Mass. App. Ct. 727, 728-729 (1979), and cases cited. In allowing the motion the judge rested his decision largely on a determination that Rubel had adduced insufficient evidence to establish that Hayden had authority to make agreements which bound HHB to pay for services rendered to Venusca.

There was no evidence, such as a vote of the directors, of the grant of express authority to Hayden to bind HHB in connection with the Venusca enterprise. Although Hayden's multiple offices with HHB and the appearance of his name in HHB's corporate name produced an aura of authority, the Massachusetts cases have been reticent about ascribing authority because of titles or trappings of office. *James F. Monaghan Inc.* v. *M. Lowenstein & Sons,* 290

---

[3] HHB earlier had made a timely motion for a directed verdict as required by Mass.R.Civ.P. 50(b), 365 Mass. 814 (1974).

Mass. 331, 333 (1935) (vice-president). *Kelly* v. *Citizens Fin. Co. of Lowell, Inc.*, 306 Mass. 531, 532-533 (1940) (president). *Hurley* v. *Ornsteen*, 311 Mass. 477, 481 (1942) (also involving the president, treasurer and director of the corporation).

There was not in this case evidence of a variety of circumstances such as cloaked an executive vice-president with apparent authority to modify a loan agreement in *Kanavos* v. *Hancock Bank & Trust Co.*, 14 Mass. App. Ct. 326, 333 (1982). Indeed, the foray into housing which Venusca was contemplating was precisely the sort of activity outside the ordinary scope to which the *Kanavos* opinion adverted by way of contrast. *Id.* at 333. Investment in a real estate venture was well outside the usual day to day engineering business of HHB and that corporation, as principal, manifested nothing which might have led Rubel, reasonably, to conclude that HHB would pay him for services rendered for the benefit of Venusca. It was Venusca that needed the infusion of money, not HHB. See *Neilson* v. *Malcolm Kenneth Co.*, 303 Mass. 437, 441 (1939); Restatement (Second) of Agency § 27 (1957). Especially as Rubel had been informed that HHB was a wholly owned subsidiary, he could not assume that Hayden had authority, without some manifestation by the parent corporation or the board of directors of HHB, to take HHB into a business deal peripherally related to civil engineering, a professional service.

Hayden's own statements and conduct were not competent evidence of his authority to bind his corporation. *Hennessey* v. *Cities Serv. Ref. Co.*, 282 Mass. 487, 489 (1933). *Sheldon* v. *First Fed. Sav. & Loan Assn.*, 566 F.2d 805, 808-809 (1st Cir. 1977). Apparent authority is not established by the putative agent's words or conduct, but by those of the principal. *Brownell* v. *Tide Water Associated Oil Co.*, 121 F.2d 239, 244 (1st Cir. 1941). *Sheldon* v. *First Fed. Sav. & Loan Assn., supra* at 808. Restatement (Second) of Agency § 285 (1957). Contrast *Selame Associates* v. *Holiday Inns, Inc.*, 451 F.Supp. 412, 419-420 (D. Mass. 1978), involving a general manager of a waterfront restau-

rant complex. Contrast cases where corporations have acquiesced over a period of time in the exercise of authority by an officer, a factor not present in the instant case. *Hurley* v. *Ornsteen,* 311 Mass. at 481. *Kanavos* v. *Hancock Bank & Trust Co.,* 14 Mass. App. Ct. at 333.

On the evidence, taken most favorably to the plaintiff, it was correct to allow the motion notwithstanding the verdict, and judgment should be entered accordingly. For the procedural reason stated at the outset, the appeal is dismissed.

*So ordered.*