Lenk, J.
Plaintiff, Frances Pellot (“Pellot”), brought this action against defendants Ilona Handicraft, Inc., C.B. Gunnar Grunberg, Celeste Mandella (“Mandella”), the City of Worcester, and Worcester police officer Michael Hanlon following an incident at Pellot’s residence in Worcester on November 22, 1988 involving efforts to collect monies from plaintiff for certain dresses purchased at the C’est Celeste store.
This case came before the court for hearing on defendant Michael Hanlon’s motion for summary *62 judgment on all counts against him. Plaintiffs allegations against Hanlon are in five counts, and assert violations of G.L.c. 93A, §2, G.L.c. 93, §49, G.L.c. 272, §98, G.L.c. 214, §1B, G.L.c. 12, §§11H and 111 and abuse of process. In support of his motion, Hanlon argues that, as a police officer, he was not engaged in trade or commerce under G.L.c. 93A, nor was he a creditor attempting to collect a debt in a manner which violated G.L.c. 93, §49. Hanlon also contends that plaintiffs 93A claim fails for the procedural reason that she did not send him a timely demand letter. Hanlon further contends that on November 22, 1988, he did not discriminate against Pellot in a place of public accommodation, nor did he threaten or coerce her. Hanlon argues also that his action of filing a request for a magistrate’s hearing does not constitute an abuse of process. Finally, Hanlon maintains that he is entitled to qualified immunity.
In response, plaintiff asserts that Hanlon acted as an agent for the dress shop defendants on November 22, 1988 and that he was therefore a creditor engaged in trade or commerce pursuant to G.L.c. 93, §49, G.L.c. 93A, and 940 Code Mass. Regs. §§7.03, 7.04. Pellot contends that the demand letter she sent to defendant Mandella’s store, C’est Celeste, was sufficient to put Hanlon, the store’s purported agent, on notice of the 93A claim. Plaintiff also argues that the November 22, 1988 incident arose out of earlier events at C’est Celeste, a place of public accommodation, and that Hanlon therefore violated G.L.c. 272, §98. Finally, plaintiff denies that Hanlon is entitled to immunity because, inter alia, he was performing a ministerial function and, even if he were performing a discretionary function, the causes of action pled do not admit of such immunity.
For reasons stated below, defendant Michael Hanlon’s motion for summary judgment is allowed in part, and denied in part.
BACKGROUND
The pleadings of the parties, answers to interrogatories, and the affidavits of Michael Hanlon and Frances Pellot reveal the following undisputed facts. On November 19, 1988, plaintiff Pellot, an Hispanic woman, went to the C’est Celeste store in Worcester, Massachusetts, where she had two dresses remaining on lay-away. Pellot told two employees of the store that she wanted a refund of the deposit she had paid to place the dresses on lay-away. The first employee stated that she could only give Pellot a credit slip for the deposited amount. The second employee calculated the amount of credit, gave Pellot a credit slip, and allowed Pellot to take one of the dresses, stating that the dress had been paid for. Pellot exchanged the credit slip for cash with a customer in the store. Pellot then returned home with $210.00 in cash and one dress.
On November 22, 1988, a man from the mall where the store was located knocked on Pellot’s door and refused to leave. Pellot called the police and Worcester police officer Hanlon was dispatched to Pellot’s address. In front of the apartment building, Hanlon met Mandella, the manager of C’est Celeste, and the unidentified man. Hanlon examined the receipts purportedly showing that Pellot owed the store money. Hanlon went to Pellot’s apartment, accompanied by Mandella, the latter demanding that Pellot return the dress or pay cash for it. One of Pellot’s neighbors allegedly witnessed the events which occurred outside of Pellot’s apartment.
Pellot allowed Hanlon, Mandella, and the unidentified man to enter her apartment. In a separate room, Pellot explained to Hanlon that the employee had given her permission to take the dress. Pellot then showed Hanlon the receipt she had received. Hanlon asked Pellot to return the dress to Mandella or to pay for the dress. He then informed Mandella that if Pellot did not return the dress or pay for it, Mandella could file a criminal complaint against Pellot for larceny.
After leaving Pellot's residence, Hanlon himself filed a request for a magistrate’s hearing on whether a criminal complaint should issue for larceny under $250.00. Hanlon did not attend the magistrate’s hearing, and a criminal complaint did not issue against Pellot.
On December 29, 1988, counsel for Pellot sent Hanlon a 93A demand letter at the C’est Celeste store.
DISCUSSION
Summary judgment shall be granted where there are no genuine issues as to any material fact and where the moving party is entitled to judgment as a matter of law. Cassesso v. Commissioner of Correction, 390 Mass. 419, 422 (1983); Community National Bank v. Dawes, 369 Mass. 550, 553 (1976); Mass.R.Civ.P. 56(c). The moving parly bears the burden of affirmatively demonstrating the absence of a triable issue, “and [further] that the moving party is entitled to judgment as a matter of law.” Pederson v. Time, Inc., 404 Mass. 14, 16-17 (1989). “A complete failure of proof concerning an essential element of the non-moving party’s case renders all other facts immaterial” and mandates summary judgment in favor of the moving party. Kourouvacilis v. General Motors Corp., 410 Mass. 706, 711 (1991) (citing Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986)).
A. Existence of an Agency Relationship
Plaintiff Pellot asserts that Hanlon is liable on all counts because, while acting as an “agent” of C’est Celeste and Mandella, he invaded plaintiffs privacy and violated her legal rights. The law in Massachusetts is clear, however, that an agency relationship “results from the manifestation of consent by one person to another that the other shall act on his behalf and subject to his control.” Kirkpatrick v. Boston Mutual Life Ins. Co., 393 Mass. 640, 645 (1985), citing Restatement (Second) of Agency §1 (1958); see Davis v. Del Rosso, 371 Mass. 768, 772 (1977) (upholding *63 finding of liability under an agency theory of cafe owner for the actions of an off-duiy policeman hired by the cafe on paid detail as a “bouncer” who acted in furtherance of the cafe’s private purposes on its private premises). The issue of whether an individual exercises control over a police officer sufficient to create an agency relationship is normally a question of fact to be determined by a jury. Davis, 371 Mass. at 771. If plaintiff fails to allege any facts tending to show control, however, defendant may prevail on summary judgment because of the absence of proof on a material element of plaintiffs case. See Kourouvacilis, 410 Mass. at 714.
Courts may also find that, even if the parties did not create an express agency relationship, one party granted another apparent or ostensible authority to engage in conduct “which causes a third person reasonably to believe that a particular person has authority to enter into negotiations or to make representations as his agent.” Veranda Beach Club. Ltd. Partnership v. Western Sur. Co., 936 F.2d 1364, 1377 (1st Cir. 1991), citing Hudson v. Massachusetts Prop. Ins. Underwriting Ass’n, 386 Mass. 450, 457 (1982); Makino U.S.A., Inc. v. Metlife Capital Credit Corp., 25 Mass.App.Ct. 302, 312-13, rev. denied, 402 Mass. 1101 (1988). Apparent authority, however, “is not established by the putative agent’s words or conduct, but by those of the principal.” Rubel v. Hayden, Hardin & Buchanan Inc., 15 Mass.App.Ct. 252, 255 (1983). The agent’s own statements and conduct are not competent evidence of his authority to bind the principal. Id. In general, apparent authority is a question of fact to be inferred from statements, conduct, course of dealing, and other evidence of a principal’s consent. Binkley Co. v. Eastern Tank, Inc., 831 F.2d 333, 337 (1st Cir. 1987).
In the case at bar, Hanlon responded to a call for police assistance from Pellot. Upon arriving at Pellot’s apartment building, Hanlon met Mandella and then, with Mandella and the unidentified man from the mall who had knocked on plaintiffs door, went to plaintiffs apartment. Plaintiff has submitted no evidence that Mandella exercised any control whatever over Hanlon. See id. Furthermore, plaintiff bases her argument that an agency relationship existed upon the conduct of Hanlon, the alleged agent. She states that Hanlon asked her to return the dress or pay the money and that Hanlon filed the request for a magistrate’s hearing. Because apparent authority “is not established by the putative agent’s words or conduct” and because the record does not indicate that Mandella undertook any affirmative conduct to control Hanlon’s actions, defendant’s motion must be allowed on those counts in plaintiffs complaint which rely upon the existence of an agency relationship, actual or apparent. See Rubel, 15 Mass.App.Ct. at 255.
B. Plaintiffs G.L.c. 93, §49 and G.L.c. 93A, §2 Claims
General Laws c. 93, §49 provides in pertinent part: “No one who is a creditor or an attorney for a creditor, or an assignee of a creditor, of a natural person present or residing in Massachusetts who has incurred a debt primarily for personal, family or household purposes shall collect or attempt to collect such debt in an unfair, deceptive or unreasonable manner. For the purposes of this Section, such collection or attempt to collect shall be deemed unfair, deceptive or unreasonable if . . . (c) The creditor communicates with the alleged debtor in such a manner as to harass or embarrass the alleged debtor, including ... by threats of any action which the creditor in the usual course of business does not in fact take, (d) The creditor communicates with alleged debtors through the use of forms or instruments that simulate the form and appearance of judicial process.”
General Laws c. 93, §49 also provides that the failure to comply with its provisions constitutes an unfair or deceptive act under the provisions of G.L.c. 93A. A creditor can be any person, his agents, servants, employees, or attorney engaged in collecting a debt. 940 Code Mass. Regs. §7.03.
In the present case, plaintiff relies heavily upon the existence of an agency relationship between Hanlon and C’est Celeste or Mandella in support of her claim that Hanlon was a creditor attempting to collect a debt in violation of G.L.c. 93, §49 and G.L.c. 93A. Plaintiff presents the related argument that Hanlon was engaged in trade or commerce on behalf of C’est Celeste in a manner which violated G.L.c. 93A, §2. Because plaintiff fails to prove an actual or apparent agency relationship, however, plaintiffs claims under c. 93, §49 and c. 93A must fail.
Plaintiffs reliance on Koonce v. Aldo Realty Trust, 8 Mass.App.Ct. 199 (1987), is misplaced. In Koonce, the moving party was able to point to evidence that the landlord exercised control over a constable who entered plaintiffs apartment to enforce an execution. For example, the constable only seized the items indicated by the landlord, rather than seizing all of the tenant’s personal property, as required by statute. Id. at 200-01. By contrast, the plaintiff here has not shown that similar proof of control is likely to be forthcoming at trial. Hence, plaintiffs claims under G.L.c. 93, §49 and G.L.c. 93A do not survive summary judgment. See Kourouvacilis, 410 Mass. at 714.[2]
C. Plaintiffs G.L.c. 272. §98 Claim
After leaving Pellot’s residence on November 22, 1988, Hanlon filed an application for a criminal complaint, which stated that the date of the alleged larceny was November 19. Plaintiff contends that Hanlon filed the criminal complaint on behalf of the non-Hispanic store owner against Pellot, an Hispanic woman, in order to collect a civil debt. Plaintiff alleges that *64 Hanlon’s actions constitute discrimination in a place of public accommodation.
General Laws c. 272, §98 prohibits making “any distinction, discrimination or restriction on account of race, color, religious creed, national origin, sex, sexual orientation ... or ancestry relative to the treatment [of any person] in any place of public accommodation.. .” A place of public accommodation is any place which is open to and which accepts or solicits the patronage of the general public. G.L.c. 272, §92A.
Plaintiffs claims under G.L.c. 272, §98 plainly rely upon the existence of an agency relationship in order to connect Hanlon’s conduct on November 22 at Pellot’s private residence to the alleged incidents of November 19, 1988, which occurred at the store, a place of public accommodation. Because such a relationship has not been shown to exist, plaintiffs claim of discrimination under G.L.c. 272, §98 must fail. Furthermore, in order to survive summary judgment, plaintiff may not, as here, simply allege that Hanlon discriminated against her because she was Hispanic. See Fisher v. Flynn, 598 F.2d 663, 665 (1st Cir. 1979) (noting that civil rights complaints must do more than state simple conclusions; they must outline the facts constituting the violation).
D.Plaintiffs Abuse of Process Claim
Plaintiff alleges that Hanlon is liable for abuse of process because he filed an application for a criminal complaint for larceny against Frances Pellot which required her to attend a magistrate’s hearing. Plaintiff may establish a cause of action for abuse of process where it appears that the process was used in a malicious manner to accomplish some ulterior purpose for which it was not designed or intended, or which was not the legitimate purpose of the particular process employed. Beecy v. Pucciarelli, 387 Mass. 589, 595 (1982); Powers v. Leno, 24 Mass.App.Ct. 381, 383 (1987). Filing a criminal complaint to collect a civil debt may be evidence of abuse of process. Carroll v. Gillespie, 14 Mass.App.Ct. 12, 26 (1982).
In the present case, Hanlon contends that he filed the application for a criminal complaint based on his belief that Frances Pellot manifested the intent to steal. In his affidavit, Hanlon asserts that Pellot admitted that she owed money or the dress to the store, but that she was not obligated to repay the money because the store had made the mistake. Pellot, on the other hand, contends that an employee of C’est Celeste had calculated the amount of the credit slip, informed her that one of the dresses remaining on lay-away had been paid for and both issued her the credit slip and gave Pellot a dress. Pellot asserts that she is entitled to the dress as well as to the cash that she traded a fellow customer for her credit slip. Pellot claims that she so informed Hanlon who nonetheless decided that plaintiff owed the store money.
A genuine issue of material fact exists regarding whether Hanlon acted legitimately in and after concluding that Pellot had formed the intent to steal on November 22, 1988. Hence, defendant’s motion for summary judgment on Count III must be denied.
E.Plaintiffs G.L.c. 214, §1B Claim
Plaintiff alleges that defendants, including Hanlon, invaded her privacy when they appeared and spoke at her apartment door. She alleges that a neighbor thereby became aware that a creditor was attempting to collect a civil debt. Under Massachusetts law, “A person shall have a right against unreasonable, substantial or serious interference with [her] privacy.” G.L.c. 214, §1B.
Pellot has failed to show that there will be forthcoming at trial proof that Hanlon engaged in activities which unreasonably interfered with her privacy. This is particularly so in light of her failure to show that proof of an agency relationship will be forthcoming at trial. Hanlon appeared at Pellot’s door in response to Pellot’s own call for help to the police. Plaintiff, having called the police, cannot maintain that the presence of a police officer at her front door in response to her call, asking to be let in, itself constitutes an actionable invasion of privacy. Plaintiff, however, says that there will be proof that, in the hallway, Mandella loudly stated that Pellot owed her the money or the dress. Given the dearth of proof that Hanlon was Mandella’s or C’est Celeste’s agent, such proof at trial would not establish a cause of action against Hanlon for invasion of privacy. Hence, summary judgment should enter for Hanlon on this claim.
F.Plaintiffs G.L.c. 12, §§11H and 111 Claims
The Massachusetts Civil Rights Act provides that any individual may bring a civil action “whenever any . . . persons, whether or not acting under color of law, interfere by threats, intimidation or coercion, or attempt to interfere by threats, intimidation or coercion, with the exercise or enjoyment by any other person ... of rights secured by the constitution or laws of the United States or of. . . the commonwealth.” G.L.c. 12 §§11H and 111.
In Batchelder v. Allied Stores Corp., 393 Mass. 819 (1985), the conduct of a uniformed security guard who ordered the plaintiff to stop soliciting signatures was found actionable because it carried the implied threat of physical ejection or arrest. In light of this, it is not inconceivable that Hanlon’s conduct toward Pellot as well as statements made in her presence regarding larceny and the filing of a criminal complaint could constitute “threats, intimidation or coercion” under the statute. Notwithstanding this, however, in order to survive summary judgment, plaintiff must show that such threats, intimidation or coercion were an interference or an attempted interference with the exercise of her secured rights. Plaintiff enumerates these rights as arising under G.L.c. 93, §49, G.L.c. 93A, §2, G.L.c. 272, §98 and G.L.c. 214, § IB (Plaintiffs Memorandum of Law in Support of Opposition to Michael Hanlon’s Motion for Summary Judgment, p. 25). Plaintiff does *65 not contend that there was an interference or attempted interference with any other federal or state constitutional or statutory law. Because I have separately granted summary judgment for Hanlon on those counts of plaintiffs complaint which assert claims under G.L.c. 93, §49, G.L.c. 93A, §2, G.L.c. 272, §98 and G.L.c. 214, §1B, plaintiff cannot maintain her claim under G.L.c. 12, §§11H and 11I on the basis of such statutes. Hence summary judgment must enter for Hanlon on Count V of the Complaint.
G. Hanlon’s Qualified Immunity Defense
Hanlon asserts that even if plaintiff has submitted sufficient proof to present to a trier of fact, he is entitled to qualified immunity. Because this court has found that summary judgment should enter for defendant on all of the counts in plaintiffs complaint except for Count III, alleging abuse of process, the court will only examine the immunity defense in the common law context.
The test for immunity under Massachusetts common law is whether the public official acted within the scope of a discretionary public duty in good faith and without malice or corruption. Breault v. Chairman of the Board of Fire Comm’rs, 401 Mass. 26, 34 (1987); Gildea v. Ellershaw, 363 Mass. 800, 820 (1973). Because a genuine issue of material fact remains regarding whether Hanlon was acting in good faith when he filed the request for hearing on a criminal complaint, Hanlon may not avail himself at this time of the qualified immunity defense as to Count III.
ORDER
For the foregoing reasons, defendant Michael Hanlon’s motion for summary judgment on Counts I, II, and IV, V are hereby ALLOWED, and his motion for summary judgment on Count III is DENIED.

 Because plaintiff has presented insufficient proof of Hanlon’s alleged agency relationship with the store to support a cause of action under G.L.c. 93A, it is not necessary to discuss the procedural issue of whether the 93A demand letter which Pellot’s attorney served upon C’est Celeste was sufficient to give timely notice to Hanlon.