Borenstein, J.
This is an action that arises out of a claim that defendant Vincent J. Pizzi Insurance Agency, Inc. (“Insurance Agency”) was negligent in their failure to renew the plaintiffs’ workers compensation insurance, for which the plaintiffs seek damages. Plaintiffs assert three theories upon which the defendant could be found liable. The defendant Insurance Agency, Inc. filed a motion for summary judgment seeking dismissal of the claims (count II & III) against them. For the reasons set forth below the motion is ALLOWED.
BACKGROUND
The plaintiffs are brothers who operate the Pine Tree Bakery in Waltham, Massachusetts. The defendant Benjamin Pizzi (“Pizzi”) was plaintiffs’ accountant. In October 1990, defendant Pizzi informed the plaintiffs that they were required by state law to carry workers compensation insurance. Plaintiffs instructed defendant Pizzi to obtain said insurance. Defendant Pizzi obtained insurance through the defendant Insurance Agency. The defendant Insurance Agency, at the request of defendant Pizzi, paid the premium. An invoice on the letterhead of Pizzi & Pizzi Associates was sent to the plaintiffs. The invoice instructed plaintiffs to pay the defendant Insurance Agency. The plaintiffs paid this invoice.
In August 1991, the plaintiffs received a bill from Aetna Casualty and Surety Company, the workers compensation carrier, for renewal of coverage. The bill stated that payment was to be made directly to the insurer. The defendant Insurance Agency was also sent a copy of the bill. Upon receipt of the bill, the plaintiffs forwarded their copy to defendant Pizzi for payment. The bill for renewal was never paid and as a result of nonpayment the insurance lapsed. Subsequently, an employee at the bakeiy was seriously injured on the job and the plaintiffs sustained damages as a result of the lack of workers compensation insurance
On November 25, 1996 defendant Insurance Agency filed this motion for summary judgment. Defendant Insurance Agency argues that it can not be held liable for the damages plaintiffs sustained as a result of the lapse in workers compensation insurance because: (1) the defendant Insurance Agency owed no legal duty to the plaintiff; (2) defendant Pizzi was never an agent for the defendant Insurance Agency with actual or apparent authority to act on its behalf; and (3) there was no contractual agreement between the plaintiffs and defendant Insurance Agency which was breached. Each of defendant Insurance Agency’s arguments will be addressed individually, below.
DISCUSSION
Summary judgment is granted when there are no issues as to any material fact and where the moving party is entitled to judgement as a matter of law. Mass.R.Civ.P 56(c), Kourouvacilis v. General Motors Corp., 410 Mass. 706, 711 (1991). It is the moving party that bears the burden of affirmatively demonstrating the absence of triable issues and that they are entitled to judgment as a matter of law. Pederson v. Time, Inc., 404 Mass. 14, 16-17 (1989).
A moving party that does not have the burden of proof at trial, as is the case here, may demonstrate the absence of a triable issue either by submitting affirmative evidence that negates an essential element of the opponent’s case or “by demonstrating that proof of that element is unlikely to be forthcoming at trial.” Flesner v. Technical Communication Corp., 410 Mass. 805, 809 (1991). “If the moving party establishes the absence of a triable issue, the opposing party must respond and allege specific facts establishing the existence of a material fact in order to defeat the motion. ” Pederson, supra at 17. If the moving party submits evidence that indicates the plaintiff cannot set forth the essential elements of a claim, summary judgement should be granted. See Kourouvacilis, supra at 711-12.
(1) Whether Defendant Insurance Agency Owed a Legal Duty to Plaintiffs
The defendant Insurance Agency cannot be liable to the plaintiffs in tort absent an act or omission in violation of a legal duty. Royal Indemnity Co. v. Pitts *286 field Electric, 293 Mass. 4 (1935). Therefore, to succeed at trial, the plaintiffs must establish that defendant Insurance Agency owed them a legal duty to ensure their workers compensation insurance was renewed.
Generally, an insurance broker has no duly to renew a policy of insurance absent a specific request or an understanding to do so. Construction Planners, Inc. v. Dobax Insurance Agency, Inc., 31 Mass.App.Ct. 672, 675 (1991). There must be special circumstances of assertion, representation, and reliance for a broker to be found to have a duty. Id. at 675. The plaintiffs would need to establish at trial that there was a course of dealings which demonstrates that the defendant Insurance Agency undertook to act on the plaintiffs’ behalf or that the plaintiffs relied on the defendant for guidance and advice. See Construction Planners Inc. v. Dobax Insurance Agency, Inc., 31 Mass.App.Ct. 672 (1991), and McCue v. Prudential Insurance Company of America, Inc., 371 Mass. 659 (1976). Plaintiffs rely on the fact that on two previous occasions their accountant, Benjamin Pizzi, secured insurance through the defendant Insurance Agency and on both occasions, at the request of Benjamin Pizzi, the Insurance Agency paid the initial premium and then sent a bill to the plaintiffs for repayment. As defendant Insurance Agency asserts in its brief, this course of dealings does not rise to the level established in the case law. Furthermore, the plaintiff acknowledges that they never spoke, nor directly dealt with the defendant Insurance Agency.[1] Therefore, the court finds that the defendant Insurance Agency, as a matter of law, owed the plaintiff no legal duly to renew their workers compensation insurance.
(2) Whether Benjamin Pizzi was an agent of defendant Insurance Agency with apparent or actual authority.
To establish apparent authority the plaintiffs must show that there was conduct by the principal which causes a third person to reasonably believe that a particular person has authority to make representations as an agent of the principal. Hudson v. Massachusetts Property Insurance Underwriting Association, 386 Mass. 450 (1982). Plaintiffs rely on the fact that Benjamin Pizzi and the defendant Insurance Agency shared office space, a fax number and their office displayed a sign “Pizzi and Pizzi Associates” in front. They also rely on the fact that Benjamin Pizzi obtained their insurance through the defendant Insurance Agency.
“Apparent authority is not established by the putative agent’s words or conduct, but by those of the principal." Rubel v. Hayden, Harding & Buchanan, Inc., 15 Mass.App.Ct. 252, 255 (1983). The only contact that plaintiffs had with the defendant Insurance Agency was through plaintiffs’ accountant, Benjamin Pizzi. At no time was there any statement made or conduct engaged in by the defendant Insurance Agency that would support a fact finder to find that Benjamin Pizzi was an agent of the defendant Insurance Agency. Rather, the evidence supports a finding that Benjamin Pizzi was an agent of the plaintiffs not of the defendant Insurance Agency.
‘The relation of a principal and agent may arise wholly by implication from the conduct of the parties and the circumstances of the particular case.” T.D. Dowing Co. v. Shawmut Corp., 245 Mass. 106, 113 (1923). To establish that Benjamin Pizzi had actual authority to act as agent for the defendant Insurance Agency, plaintiffs must produce evidence of conduct between or inferred from the dealings between Benjamin and the defendant Insurance Agency. Benjamin Pizzi, in his deposition, states that he never told plaintiffs that he worked for the defendant Insurance Agency or that Vincent Pizzi worked for him. Plaintiff Joseph DiBlasi also states that Benjamin Pizzi never stated he worked for defendant Insurance Agency. The only evidence plaintiffs produce is the familial relationship between Benjamin Pizzi and Vincent J. Pizzi and the physical proximity of their offices. This evidence does not support a finding that Benjamin Pizzi had either expressed or implied authority. Therefore, the court finds that Benjamin Pizzi had no apparent or actual authority as an agent of the defendant Insurance Agency and the defendant Insurance Agency is not liable for any actions taken by Benjamin Pizzi.
(3) Whether Defendant Insurance Agency Breached a Contractual Duty Owed to Plaintiff
To establish a duty flowing from a contractual relationship there must be a pattern of conduct upon which the plaintiff relied. See Hobbs v. Masasoit Whip Company, 158 Mass. 194 (1893). Plaintiffs argue that by defendant Insurance Agency paying the initial premium on two previous occasions (auto insurance for their bakeiy truck, and the initial workers compensation policy), this established a contractual relationship upon which plaintiffs relied. The advance payment of the premium by the defendant Insurance Agency was done at the request of Benjamin Pizzi. The fact that on two previous occasions, when initiating new policies, the defendant Insurance Agency advanced the premiums is not the type of conduct necessary to establish a contractual relationship. Furthermore, the renewal notice from Aetna was sent directly to the plaintiffs for payment. This is consistent with how the plaintiffs renewed the auto insurance policy originally purchased through defendant Insurance Agency. Therefore, the court finds that no contractual duty existed between the defendant Insurance Agency and the plaintiffs.
ORDER
For the above reasons, the defendant Vincent J. Pizzi Insurance Agency’s Motion for Summary Judgment is hereby ALLOWED.
Dated: March 31, 1997

 In the deposition of Joseph DiBlasi, p. 17 line 19-24 and p. 18 line 1-13, he states that Benjamin Pizzi arranged for the workers compensation insurance and he never met with anyone from defendant Insurance Agency.