Fecteau, J.
This is an action for wrongful death and conscious pain and suffering alleged, and found by the jury to have been caused by the defendants in the ownership and maintenance of real estate owned by them as trustees. The case was tried before the Court and juiy on June 23-24, 1998, with the jury returning a verdict in favor of the plaintiff and awarding damages. A judgment was entered thereon and the defendants have filed the within motion. A hearing on the motion was conducted on August 28, 1998.
1. Standards of Law
A. Motion for Judgment Notwithstanding the Verdict
As it was recently stated in Cambridgeport Savings Bank v. Boersner, 413 Mass. 432, 438 (1992): “[I]n considering a motion for judgment notwithstanding the verdict, the judge’s task, ‘taking into account all the evidence in its aspect most favorable to the plaintiff, [is] to determine whether, without weighing the credibility of the witnesses or otherwise considering the weight of the evidence, the jury reasonably could return a verdict for the plaintiff.’ ” Tosti v. Ayik, 394 Mass. 482, 494 (1985), quoting Rabel v. Hayden, Harding & Buchanan, Inc., 15 Mass.App.Ct. 252, 254 (1983). The court will consider whether “anywhere in the evidence, from whatever source derived, any combination of circumstances could be found from which a reasonable inference could be drawn" in favor of the nonmoving party. Poirier v. Plymouth, 374 Mass. 206, 212 (1978), quoting Raunela v. Hertz Corp. 361 Mass. 341, 343 (1972). “The inferences to be drawn from the evidence must be based on probabilities rather than possibilities and cannot be the result of mere speculation and conjecture." McEvoy Travel Bureau, Inc. v. Norton Co., 408 Mass. 704, 706-07 n.3 (1990), quoting McNamara v. Honeyman, 406 Mass. 43, 45-46 (1989). As with motions for directed verdict, conflicting evidence alone does not justify the allowance of judgment notwithstanding the verdict, nor does the fact that there was much evidence which would have warranted a contrary finding by the jury. A court must not substitute its judgment of the facts for that of the jury.
B. Motion for New Trial
“The grant or denial of a motion for ‘a new trial on the ground that the verdict is against the weight of the evidence rests in the discretion of the judge.’ Robertson v. Gaston Snow & Ely Bartlett, 404 Mass. 515, 520, cert. denied, 493 U. S. 894 (1989), quoting Bergdoll v. Suprynowicz, 359 Mass. 173, 175 (1971). The judge, however, ‘should not decide the case as if sitting without a jury; rather, the judge should only set aside the verdict if satisfied that the jury failed to exercise an honest and reasonable judgment in accordance with the controlling principles of law.’ Robertson, supra, quoting Hartmann v. Boston Herald-Traveler Corp., 323 Mass. 56, 60 (1948). Moreover, a judge should exercise this discretion only when the verdict ‘is so greatly against the weight of the evidence as to induce in his mind the strong belief that it was not due to a careful consideration of the evidence, but that it was the product of bias, misapprehension or prejudice.’ ” Scannell v. Boston Elevated Ry., 208 Mass. 513, 514 (1911).
II. DISCUSSION
Notwithstanding the fact that the instrumentality which caused the death of the plaintiffs decedent, namely, a cabin cruiser, had been moved and placed in a position from which it fell solely for purposes related to the business of the defendants’ tenant, namely, to prepare the boat for sale, including the painting of its hull, that fact alone is not dispositive of the defendants’ contentions. There was no writing which evidenced that the tenant had acquired the right of exclusive occupancy, use and control, nor does a fair view of the evidence evince such. The real estate was then being used for multiple purposes including that of the defendant landlord, who maintained an office in the same building as the tenant boatyard was managed from. In addition, a residence was on the property. Thus, the area in which the accident occurred was of overlapping use and control, notwithstanding that the tenant’s use of the land was substantially more than that of the landlord. It was known by the defendants that someone, not necessarily this plaintiff, would have to go underneath the boat to paint its hull. Being placed on blocks and boat-stands, the cabin cruiser, weighing 3 to 4 tons, presented a risk of serious harm. Notwithstanding the separate legal entities constituting the landlord and the tenant, the defendants performed dual roles, that of trustees of the real estate trust which owned the property and that of owners, officers and employees of the tenant. The defendants thus shared with their tenant a responsibility to exercise reasonable care for the safety of third parties lawfully on the premises, if only to warn of latent hazards of which they knew or reasonably should have known. There was a basis in the evidence for the jury to find that the cabin cruiser *50 was inadequately supported. The jury was instructed that they could find the defendants liable only for actions or omissions as the owner of the property and not for any actions in their role as agents or employees of the tenant. This case does not present the situation of the absentee landlord or one unfamiliar with the nature of the tenant’s business. The jury decided that the defendants breached the duty owed by them as the owners of land to the plaintiff. There was a basis in the evidence for their decision.
Upon consideration of the arguments of the parties, the applicable standards of law and the evidence at trial, the motion is denied in both respects for the above reasons and those stated by the plaintiff in her opposition.