John CARVALHO and Beverly Correia

v.

Kevin FITZGERALD, et al.

v.

Russell Machado

No. CIV.A.99–12063–RGS.

United States District Court,
D. Massachusetts.

March 14, 2002.

Bruce A. Assad, Fall River, MA, for Plaintiffs.

Melody A. Alger, Baluch, Gianfrancesco, Mathieu & Szerlag, Providence, RI, for Defendants.

*MEMORANDUM AND ORDER ON DE-
FENDANT'S MOTION FOR A NEW
TRIAL AND THIRD PARTY DE-
FENDANT'S MOTION FOR JUDG-
MENT AS A MATTER OF LAW OR
IN THE ALTERNATIVE FOR A
NEW TRIAL*

STEARNS, District Judge.

This diversity action arose from a collision between a car driven by third party defendant Russell Machado and a City of East Providence fire truck driven by defendant firefighter Roderick Davol. Plaintiffs Beverly Correia and John Carvalho were injured in the accident. The jury found Davol negligent, but also ruled that his negligence was not the proximate cause of the accident. In a cross-action brought by the City of East Providence, the jury, answering a comparative negligence question, found Russell Machado ninety-nine percent liable for the damage to the fire truck and Davol one percent liable. Plaintiffs (and third party defendant Machado) now move for a new trial, arguing that the verdict was against the weight of the evidence, and in plaintiffs' case, inconsistent with the jury's finding in the cross-action against Machado.

■ Under Massachusetts law, the decision whether to grant of a new trial is committed to the discretion of the trial judge. "The judge, however, <should not decide the case as if sitting without a jury; rather, the judge should only set aside the verdict if satisfied that the jury failed to exercise an honest and reasonable judgment in accordance with the controlling principles of law.' ... Moreover, a judge should exercise this discretion only when the verdict <is so greatly against the weight of the evidence as to induce in his mind the strong belief that it was not due to a careful consideration of the evidence, but that it was the product of bias, misapprehension or prejudice.' " *Turnpike Motors, Inc. v. Newbury Group, Inc.*, 413 Mass. 119, 127, 596 N.E.2d 989 (1992).

■ The evidence presented at trial would have warranted the jury in finding that Machado, while operating his vehicle on Route 195 East in East Providence, attempted to pass a City of East Providence fire truck being driven by Davol. The fire truck, which had its lights and siren activated, was responding to an accident on the westbound side of the highway. Intending to make a left turn into an emergency vehicle crossover, Davol signaled and swung the 35 foot truck into the middle of the three lanes to gain the necessary angle. As Davol began the turn, Machado's Cadillac struck the fire truck to the rear of its cab. The truck was then traveling at ten miles an hour, while the cruise control of Machado's Cadillac was set at 55 miles per hour.[1] Machado's attempt to pass the fire truck was a violation of the Massachusetts "Rules of the Road."[2] Under Massachusetts law, a jury

---

1. Plaintiffs' accident reconstruction specialist gave these as the relative speeds of the two vehicles at the moment of impact. Machado, in his testimony, conceded that he made no effort to slow down while overtaking the fire truck. He also admitted to having seen and ignored the sign on the rear of the truck warning other vehicles to "Keep Back 500 Feet." Machado disputed the fact that the truck was operating with its lights and siren on, or that it signaled before turning, although two police officers (and Davol) testified to the contrary.

2. M.G.L. c. 89, § 7 and 7A, state in relevant part:

The members and apparatus of a fire department while going to a fire or responding to an alarm, police patrol vehicles and ambulances, and ambulances on a call for the purpose of hospitalizing a sick or injured person shall have the right of way through any street, way, lane or alley.

may consider a "Rules of the Road" violation as evidence of negligence. *Cf. St. Germaine v. Pendergast,* 411 Mass. 615, 620, 584 N.E.2d 611 (1992).

■ From this brief recitation of the facts, it is clear that the jury's verdict bears the weight of the evidence.[3] That being so, there is no need to inquire further as to whether the verdict was so distorted as to suggest juror bias or prejudice.[4]

■ Insofar as alleged inconsistencies in a jury's verdict are concerned, Massachusetts law is aligned with federal law in interpreting their Rules 49(a). *Solimene v. B. Grauel & Co., KG,* 399 Mass. 790, 800, 507 N.E.2d 662 (1987). There is a "substantial reluctance" on the part of courts to consider an inconsistency in a civil jury verdict as a basis for a new trial,

and an inverse preference for upholding a jury's decision. *McIsaac v. Didriksen Fishing Corp.,* 809 F.2d 129, 133 (1st Cir. 1987). "If the jury's answers can be harmonized, they must be resolved so as to harmonize them." *Solimene,* 399 Mass. at 800, 507 N.E.2d 662. *See also Atlantic & Gulf Stevedores, Inc. v. Ellerman Lines, Ltd.,* 369 U.S. 355, 364, 82 S.Ct. 780, 7 L.Ed.2d 798 (1962) ("Where there is a view of the case that makes the jury's answers to special interrogatories consistent, they must be resolved that way.")

■■ Here, the jury's answers to the special verdict questions can be easily reconciled. The jury answered question 1, which dealt with negligence on Davol's part, affirmatively. In answering question 2, the jury found that Davol's negligence was nonetheless not a substantial (proxi-

Upon the approach of any fire apparatus, police vehicle, ambulance or disaster vehicle which is going to a fire or responding to call, alarm or emergency situation, every person driving a vehicle on a way shall immediately drive said vehicle as far as possible toward the right-hand curb or side of said way and shall keep the same at a standstill until such fire apparatus, police vehicle, ambulance or disaster vehicle has passed.... No person shall drive a vehicle within three hundred feet of any fire apparatus going to a fire or responding to an alarm,... No person shall operate a motor vehicle behind any such fire apparatus, ambulance, safety or police vehicle, or any vehicle bearing an official fire or police department designation which is operating with emergency systems on, for a distance of three hundred feet.

3. The motion by third party defendant Machado for judgment as a matter of law also fails as a matter of course. "The standard to be used on a motion for judgment notwithstanding the verdict is the same as that on a motion for a directed verdict. The test is whether <anywhere in the evidence, from whatever source derived, any combination of circumstances could be found from which a reasonable inference could be drawn in favor of the

plaintiff.'" *Toubiana v. Priestly,* 402 Mass. 84, 85, 520 N.E.2d 1307 (1988). The motion should only be granted when "there can be but one conclusion as to the verdict that reasonable men could have reached." *O'Shaughnessy v. Besse,* 7 Mass.App.Ct. 727, 728, 389 N.E.2d 1049 (1979), quoting *Simblest v. Maynard,* 427 F.2d 1, 4 (2d Cir.1970). The decision to grant a judgment n.o.v. must be made without evaluating the credibility of the witnesses or the weight of the evidence. *Rubel v. Hayden, Harding & Buchanan, Inc.,* 15 Mass.App.Ct. 252, 254, 444 N.E.2d 1306 (1983). "Evidence that contradicts the testimony of the nonmoving party is to be ignored." *Conway v. Smerling,* 37 Mass.App.Ct. 1, 3, 635 N.E.2d 268 (1994).

4. Plaintiffs maintain that the verdict is explained by the jury's "collective reverence" for firefighters in the wake of the September 11 terrorist attacks. There is simply no evidence that this was the case. The venire was carefully screened on this issue, and I am satisfied, that while the jurors most likely shared in the respect that fire fighters have earned from those for whom they risk their lives, this played no part whatsoever in deliberations over a routine motor vehicle accident case that had nothing to do with terrorists or pyromantic heroics.

mate) cause of the accident.[5] Following the court's instructions, the jury then proceeded to the City of East Providence's claim against Machado. In considering this claim, the jury was directed to the Massachusetts comparative negligence statute, which required an apportionment of fault as between the two drivers.[6] The jury attributed one percent of the fault for the damage to the fire truck to Davol and ninety-nine percent to Machado. Although the court instructed the jury that the "definitions of negligence and proximate cause that I gave you before apply equally here," the verdict slip did not set out a separate proximate cause question on the comparative negligence claim. Had it done so, I have no doubt that the jury would have answered the question with the same answer that it gave to question 2, that while Davol was marginally negligent, most probably for failing to observe Machado's approach prior to the accident, given Machado's heedless attempt to pass the fire truck, Davol's negligence was not a substantial contributing cause of the accident.[7] None of the parties, it should be observed, objected to the verdict slip. "It is well settled that a litigant who accedes to the form of a special interrogatory will not be heard to complain after the fact." *Kavanaugh v. Greenlee Tool Co.*, 944 F.2d 7, 11 (1st Cir.1991), quoting *Anderson v. Cryovac*, 862 F.2d 910, 918 (1st Cir.1988).

---

5. The court defined proximate cause using the preferred Massachusetts term "substantial cause." *See* 1 *Massachusetts Superior Court Civil Practice Jury Instructions*, § 2.1.8 (MCLE 1998). I simply do not grasp the argument made by both the plaintiffs and Machado that the parties' stipulation as to the authenticity of the medical bills incurred by plaintiffs as a result of the accident "both relieved the jury of the task of determining whether or not Davol's negligence was a[sic] proximate cause, and prohibited the jury from finding no proximate cause." Plaintiffs' Memorandum, at 3. Even if there was some plausibility to this argument (I can conceive

## ORDER

For the foregoing reasons, the motion of the plaintiffs for a new trial is *DENIED*. The motion of third party defendant Russell Machado for judgment as a matter of law, or in the alternative for a new trial, is also *DENIED*. The jury's verdict will stand.

SO ORDERED.

---

of none), no objection was made to the court's instructions on proximate cause or on the question put to the jury.

6. Comparative negligence obviously did not figure in the plaintiff passengers' case against Davol and the City.

7. It is true, as plaintiffs state, that the jury at one point during the deliberations indicated "confusion" in a note sent to the court. As the note, however explained, the jurors had been confused by plaintiffs' counsel's misstatement of the law in his closing argument.